[Civ. No. 30302.   Second Dist., Div. Two.   Apr. 27, 1967.]

BLANCHE POWELL, Plaintiff and Appellant, v. JOHN C. ALBER et al., Defendants and Respondents.

486

Kennedy & Downes and Brian J. Kennedy for Plaintiff and Appellant.

Robert H. Koenig and Ehrlich, Koenig & Sherman for Defendants and Respondents.

HERNDON, J.—Plaintiff appeals from the judgment of dismissal entered after defendants' demurrer to her fourth amended complaint had been sustained without leave to amend. At the hearing on this demurrer counsel for plaintiff indicated that there were no additional facts that he desired to plead.

Both parties agree that the sole question presented by this appeal is whether or not the trial court properly determined that the provisions of section 580b of the Code of Civil Procedure[1] precluded plaintiff from recovering the deficiency judgment sought by her in this action. We hold that the trial court decided this determinative issue of law correctly.

Plaintiff is the successor in interest of Robert and Maurine Holcomb who entered into a land purchase contract with Star Valley Ranch, a corporation, in 1958. On December 29, 1960, following extensive negotiations and the signing of complex escrow instructions and supplemental agreements in clarification thereof, the Holcombs assigned their interest as purchasers under this existing land contract to respondents. In connection with their purchase of the interest of the Holcombs in said contract, respondents executed a document captioned

---

[1]Section 580b of the Code of Civil Procedure reads as follows:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property, or under a deed of trust, or mortgage, on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling occupied, entirely or in part, by the purchaser.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on real property."

"Agreement Supplemental to Assignment" under which they promised to pay the Holcombs $41,092.97 with interest at the rate of 6 percent per annum payable at the rate of $2,500 semi-annually. Paragraph C of this agreement provided:

"Should default be made in the payment of any installment of principal or interest to be paid and such default shall not be cured within sixty days after notice in writing specifying such default and requiring same to be remedied, then Holcomb may (1) after the default in at least two payments as specified herein, by notice in writing to Alber Group declare the entire sum of principal and interest provided for in paragraph B to be immediately due and payable, in which event the members of the Alber Group jointly and severally agree to pay the whole thereof; or (2) in lieu thereof, Holcombs at their option may at any time when there shall be one-half or more unpaid of the principal sum set forth in paragraph B hereof, by notice in writing to the Alber Group, require Alber Group to reassign to Holcombs said Agreement for Sale of Real Estate dated July 26, 1958 as amended, above described in paragraph A, and immediately upon such demand, the Alber Group agree to reassign said Agreement to Holcombs and to quitclaim to Holcombs all of their right, title or interest to said real property and to deliver possession of said real property covered thereby to Holcombs. It is agreed that upon such reassignment by the Alber Group, Holcombs hereby agree that the Alber Group is thereafter released from any further liability whatsoever under this agreement and Holcombs agree to hold the Alber Group harmless from any and all obligations under the agreement of July 26, 1958 as amended. When there shall be less than one-half of the amount of principal set forth in Paragraph B unpaid, then the only remedy of Holcombs for nonpayment of any installment shall be as set forth in (1) of this paragraph C above."

Plaintiff's complaint alleges that at some unspecified date she acquired the Holcombs' rights under this agreement from Ralph and Mary Lash to whom the Holcombs had previously assigned their interest therein. It is further alleged that no part of the sum of $41,092.97 had been paid except the sum of $2,500, leaving unpaid the principal sum of $39,837.97 together with interest from July 1, 1962. Plaintiff then alleges that on November 18, 1963, she gave respondents notice of her "election" to declare the entire amount due and owing, and when respondents failed to pay, the instant action was instituted to recover said sum.

It may be noted at this point that plaintiff's complaint on its face establishes as a matter of law that her action is barred by the provisions of section 580b since it was amended in 1935 to include contracts of sale in addition to deeds of trust and mortgages within the coverage of its proscriptions against deficiency judgments. (*Venable* v. *Harmon,* 233 Cal.App.2d 297, 300 [43 Cal.Rptr. 490].)

The fact that the agreement purported to give the Holcombs the option either to assert their security interest by retaking their interest in the property or to sue for the full contract price does not assist appellant herein. Such purported option would constitute no more than an attempted waiver by the parties of the provisions of section 580b and the law is clear that such waivers are contrary to public policy and unenforceable. (*Valinda Builders, Inc.* v. *Bissner,* 230 Cal.App.2d 106, 112 [40 Cal.Rptr. 735] ; *Freedland* v. *Greco,* 45 Cal.2d 462, 468 [289 P.2d 463].)

Apparently in an attempt to avoid the bar to her action established by section 580b, appellant's fourth amended complaint alleged that respondents had rendered her option "meaningless" by quitclaiming any interest they might have had therein to the original seller, Star Valley Ranch. It is apparent, of course, that such allegation adds nothing to appellant's complaint since the grantee of respondents' quitclaim deed would acquire no greater interest therein than respondents themselves possessed and such interest was subject to Holcombs' right to reclaim title to their equitable interest in the property.

The record before us contains the affidavits of the parties presented in connection with their respective motions for summary judgment. Although we do not consider these affidavits in sustaining the trial court's ruling on respondents' demurrer, the reason for appellant's lack of desire to add further facts is apparent therefrom. They disclose the undisputed fact that respondents quitclaimed any possible interest they might have in the property back to Star Valley Ranch only after Star Valley Ranch had brought a quiet title action against them and the Holcombs following their failure to make the payments due under the original purchase contract with Star Valley Ranch and after the Holcombs had allowed their default to be taken therein. Therefore, at that time the Holcombs were in essentially the same position as the holder of a second purchase money trust deed which has become valueless by reason of a foreclosure made by the holder of the

first trust deed. (*Brown* v. *Jensen,* 41 Cal.2d 193 [259 P.2d 425].)

Appellant did not acquire her assignment of Holcombs' interest in their agreement with respondents until July 9, 1963, some six months after Star Valley Ranch had notified the Holcombs of the default existing under the original sale contract, two months after they had been served with Star Valley Ranch's summons and complaint in its quiet title action and two weeks after a request for entry of their default had been made therein. Respondents executed their quitclaim deed to Star Valley Ranch on September 5, 1963, and the Holcombs executed a similar quitclaim deed to Star Valley Ranch on October 29, 1963.

As indicated, such facts are not essential to a determination of the present appeal but they do serve to explain appellant's hesitancy to make further disclosure in her pleadings herein and indicate that if she has truly suffered any recoverable damage herein her remedy would be against her assignor, not respondents.

Therefore, since appellant advised the trial court that she did not desire to allege any additional facts, the trial court properly sustained the demurrer and entered judgment in respondents' favor.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied May 23, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 21, 1967.