RAY B. HINKLY, PLAINTIFF-APPELLANT, v. EDWARD G. FREICK, DEFENDANT-APPELLEE.

Argued March 20, 1914—Decided June 15, 1914.

Where the *lex loci contractus* deals with the substantive liability of a party to a contract, executed and to be performed where made, the enforcement of which is sought in another jurisdiction, a limitation upon such liability, imposed by the law of the place of the contract, relates to the contract, and not to the remedy, and will be enforced by the forum where the remedy is sought, unless contrary to its public policy, for it involves the rights and merits of the parties to the contract.

On appeal from the Supreme Court.

For the plaintiff-appellant, *McCarter & English.*

For the defendant-appellee, *Clifford L. Newman.*

The opinion of the court was delivered by

BERGEN, J.  This action was brought in this state to recover the amount due upon four promissory notes executed, delivered and made payable in the State of Minnesota. The notes were discounted by the payee at the Rock County Bank in Minnesota, and for the purposes of this case, it may be assumed that the bank took the notes without knowledge of any infirmity in their making, delivery or consideration. After their maturity, and with knowledge that the defendant disputed their validity, the plaintiff purchased them from the bank and brought this suit.

At the trial the defendant testified to facts from which an inference may be drawn that the notes were fraudulently obtained from him under such circumstances that as between the maker and the payee no recovery could be had.  The trial resulted in a judgment in favor of the defendant from which the plaintiff appeals for alleged errors in the conduct of the trial, the first of which is that the judge improperly admitted in evidence a statute of the State of Minnesota which provides that no person whose signature is obtained to a promissory note shall be held liable thereon, if it be made to appear that the signature was obtained by fraudulent representation, trick or artifice as to the nature and terms of the contract so signed; that at the time of signing he did not believe it to be a promissory note, and that he was not guilty of negligence in signing such paper without knowledge of its terms, the question of negligence to be in all cases one of fact for the jury and the person sought to be charged shall be entitled to have that question submitted to the jury.  The effect of this statute is to exonerate the maker of a promissory note, even if held by an innocent purchaser for value if the maker's signature was obtained by fraudulent representation, trick

or artifice, so that at the time of signing the maker did not believe it to be a promissory note or other negotiable paper, provided he was not guilty of negligence in signing such paper without knowledge of its terms.

The introduction as evidence of this statute was objected to but its competency as evidence is not seriously argued, the principal question pressed being the applicability of the statute and the evidence supposed to be material thereunder, the appellant admitting that it is a settled principle of law that in regard to the merits and rights involved in actions, the law of the place where they originate is to govern, claiming, however, that the application of the statute and the evidence introduced to bring these notes within the statute is a form of remedy, and order of judicial proceedings, which are to be administered according to the law of the forum. As these notes are in every particular a contract made and completed in the State of Minnesota, the law of which state enters into and forms a part of the contract, there is no legal objection to the introduction in evidence of the statute of that state, for all contracts made in a foreign jurisdiction are presumed to be made with reference to the law of the place where made, unless it otherwise appears in the contract. While in some cases it may be difficult to determine whether the question raised relates to the contract or the remedy, no such difficulty arises in this case, for in order to give the defendant the benefit of the statute of Minnesota, it was necessary that he show that his signature to the notes was obtained by a fraudulent representation, trick or artifice, and that he was not guilty of any negligence in signing the note, and to deprive him of the benefit of the statute, and of the testimony required to place him within it, would allow the enforcement of a contract against him here, which would not be allowed under the law of the state where it was made.

This question was dealt with by the Supreme Court of Massachusetts in *Baxter National Bank* v. *Talbot,* 154 *Mass.* 213; 28 *N. E. Rep.* 163. In that case the notes sued on were made in Vermont where the defendant's obligation depended, as between the holder of the note and the defendant, upon

whether it was given subject to an oral agreement. Under the Vermont statute the defendant would have been allowed to show that under an oral arrangement entered into when the note was given, he would not be liable to pay under certain conditions which he claimed existed. The trial court ruled that the law of the forum, and not that of the place of the contract, must govern. The Supreme Court in reviewing this held that the law of the place where the contract was made controlled, and that the testimony related to the nature and validity of the contract and not to the remedy, saying, "the evidence is rejected not because it would have been incompetent to prove the facts which it was offered to establish, had the contract been valid in this state, but on the ground that it related to a matter affecting the remedy. Back of all questions of remedy, however, lies the question of the contract itself, and we think the evidence should have been allowed as bearing upon that fact." We are of opinion that the case cited is applicable to the present cause, for in no other way could this defendant have proven the circumstances concerning the making of the contract, and manifestly proof of the character of the contract sued on does not affect any question of remedy, or the mode of enforcing it, but on the contrary relates to the establishment of the entire contract, a part of which the plaintiff had put in evidence when he offered the notes upon which he relied.

If these notes had contained the conditions prescribed by the Minnesota law, and they are presumed to be a part of the contract, the defendant could not have been prevented from showing the existence of the conditions which relieved him from his obligation according to the law of the place where made. We have no doubt that the statute of Minnesota was properly admitted, and that the evidence which the trial court admitted tending to show the conditions and circumstances under which the notes were executed, and which, if true, exonerated the defendant from payment under the law of the state where the contract was made, was competent.

Where the *lex loci contractus* deals with the substantive liability of a party to a contract, executed and to be per-

formed where made, the enforcement of which is sought in another jurisdiction, a limitation upon such liability, imposed by the law of the place of the contract, relates to the contract, and not to the remedy and will be enforced by the forum where the remedy is sought, unless contrary to its public policy, for it involves the rights and merits of the parties to the contract. *Dacosta* v. *Davis,* 24 *N. J. L.* 319, 331; *Thompson* v. *Taylor,* 66 *Id.* 253; *Phelps* v. *Weber,* 84 *Id.* 630.

The appellant also urges that the trial court committed an error in denying his motion to overrule the defence upon the ground that the facts as proven did not, even under the Minnesota statute, disclose such a defence as entitled the defendant to go to the jury.

There was evidence showing that the defendant signed a contract as a result of negotiations had with the payee; that another paper had been placed under the contract, and after the defendant had signed the contract, the payee lifted a corner of the paper on which the contract was written exposing another beneath it, saying to the defendant, "The other one is the same and goes to the company," and thereupon the defendant signed what he supposed to be a duplicate contract, whereas in fact it was a note, and this method was pursued as to four contracts, and the four notes upon which this suit is based. The defendant testified that he did not suppose he was signing a note in each instance, but a duplicate of the contract laid before him, and the trial judge left it to the jury to say whether his signatures to the notes were procured by fraudulent representation, trick or artifice, and without negligence on his part. We think that the trial judge properly ruled and that there was no error upon this branch of the case.

We have examined the other assignments of error and are of opinion that none of them disclose any rulings which are harmful to the plaintiff. If the Minnesota statute was properly admitted, and we have no doubt that it was, then the plaintiff cannot recover on these notes, even if held by an innocent purchaser for value, if in their inception they were obtained by false representations, trick or artifice, unless the

defendant was himself guilty of negligence in their making, and there is evidence of fraud, trickery and artifice in the obtaining of the signatures of the defendant to these notes, and whether he was guilty of negligence or not must, under the statute of Minnesota, be submitted to the jury, but even if our courts are not controlled on this latter point by the Minnesota statute, upon the ground that it is remedial in character, nevertheless it would be, in this state, a question for the jury to determine whether the defendant was guilty of negligence, if there was any evidence from which the absence of negligence could be inferred, and we think that such a condition existed in this case and was properly dealt with by the trial court.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.