[Civil No. 4108.   Filed June 10, 1940.]

[103 Pac. (2d) 463.]

MARY E. KENDRICK, Appellant, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellee.

Mr. William J. Fellows, for Appellant.

Mr. Thomas W. Nealon, for Appellee.

ROSS, C. J.—On April 22, 1895, the defendant, Sovereign Camp of the Woodmen of the World, issued "Beneficiary Certificate Number 19 Ariz." to Fred P. Kendrick, aged 37, a member of Forest Camp No. 1 at Flagstaff, Arizona. In the certificate it is recited that Kendrick, while in good standing as a member, is entitled to participate in defendant's beneficiary fund to the amount of $1,000, payable at his death to Mary E. Kendrick, his wife. On this certificate is endorsed these words: "Payments to cease after 25 years." Kendrick paid all assessments and dues for the period of 25 years from the time he became a member, although they were raised from time to time so that they were, after January 1, 1920, $4.26 plus 50¢ for local dues per month, or $4.76 instead of 50¢ per month as originally. The April, 1920, assessments and dues were the last paid by Kendrick. He was suspended for failure to pay the May, 1920, dues and assessments. He

died May 23, 1937, and thereafter his widow, as the beneficiary, commenced this action to collect the $1,000 or, in the alternative, all the fees, assessments and dues her husband had paid defendant. Judgment went for defendant, and the plaintiff has appealed.

It is the contention of plaintiff that defendant's Constitution and by-laws provide when the certificate of a member, who entered the order between the ages of 34 and 42, had attained the age of 25 years, such member was entitled to a life membership certificate exempt from camp dues, assessments or general fund dues, and that since the admitted facts are that Kendrick was 37 when he joined defendant, and that he paid all dues and assessments for 25 years, he thereby matured his certificate and the beneficiary should recover.

Defendant defends against such contention on the ground that the provision of the contract exempting the member from further payments after 25 years is *ultra vires*.

The defendant is a fraternal beneficiary association, organized and existing under and by virtue of the laws of the state of Nebraska. The exact question here involved, except the action was by the member to compel defendant to deliver to him a paid-up policy, instead of by the beneficiary for the face of the policy, was involved in *Trapp* v. *Sovereign Camp of the Woodmen of the World,* 102 Neb. 562, 168 N. W. 191, and it was there said:

"It is admitted that plaintiff fell within the class specified, and remained a member in good standing for the period mentioned, but the answer alleges that defendant was organized under the laws of the state of Nebraska; that under its articles of incorporation it was authorized to create a fund from which there should be paid upon the death of a member the proceeds of one assessment upon the surviving members not exceeding the amount designated in his beneficiary

certificate; that defendant had the right to issue beneficiary certificates to its members, the amount thereof to be paid upon the death of a member, but had no right or power to issue any other kind or class of certificate, and that the society never had the right, under the law, to issue a paid-up certificate; and that the by-law relied upon is *ultra vires*. There are other allegations in the answer, but it is unnecessary to set them out.

"The main questions presented have been determined adversely to plaintiff in the case of *Haner* v. *Grand Lodge A. O. U. W.* [102 Neb. 563], 168 N. W. 189 (No. 20280), decided June 15, 1918, and on the authority thereof the judgment of the district court is affirmed."

*Sovereign Camp of Woodmen of the World* v. *Bolin,* 305 U. S. 66, 59 Sup. Ct. 35, 39, 83 L. Ed. 45, 119 A. L. R. 478, a Missouri case, (Mo. App.) 112 S. W. (2d) 582, involved a certificate of membership in defendant, with provisions maturing it after a stated number of years, and the Supreme Court of the United States held that since defendant was a Nebraska fraternal beneficiary association, its powers were derived from the Nebraska laws, and that the decision in the Trapp case, *supra,* it being a class case, to the effect that defendant lacked power to issue such certificate, was "conclusive upon all the members of the association with respect to all rights, questions, or facts determined therein," and that the construction by Nebraska's highest court of defendant's charter was binding upon the courts of other states under the full faith and credit clause of the United States Constitution. Art. IV, sec. 1.

The clause in the certificate of membership providing that payments should cease after 25 years being beyond and outside defendant's charter powers as construed by the highest court of Nebraska, the defendant's domicile, our courts are bound thereby and the

judgment against plaintiff on the certificate should be affirmed.

Money paid the defendant by decedent on account of fees, assessments and dues to maintain his membership is sought to be recovered by the beneficiary as money had and received. If any recovery could ever have been had it was by decedent or his personal representative. Some 17 years elapsed from the time the certificate was canceled for nonpayment of dues and his death, and he did nothing towards recovering what had been paid, and his personal representative is not now seeking its recovery. While Kendrick did not get what he contracted for and had a right to expect, to wit, a paid-up certificate after 25 years, he did have insurance and other privileges as long as he paid his dues and, if he had died while a member in good standing, his beneficiary would have been entitled to $1,000 out of the defendant's beneficiary fund. In other words, he received a valuable consideration for the money he paid defendant. His life was insured for 25 years for $1,000 for total premiums and assessments of $277.09, or approximately 92¢ per month.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.