413 P.2d 754

**Albert MARTIN, Appellant,**

**v.**

**Earl MIDGETT, Appellee.**

**No. 7822.**

Supreme Court of Arizona.

En Banc.

April 27, 1966.

Elsing & Crable, by F. R. Crable, Phoenix, for appellant.

Alan P. Bayham, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from an action brought by plaintiff (appellant) against defendant (appellee) in the Superior Court of the State of Arizona, in and for the County of Maricopa. The contract which formed the basis for the action was executed in California, and at the time the action was filed both parties were residents of California.

The complaint alleged that defendant was indebted to plaintiff in the sum of $18,000 for money had and received from plaintiff on or about May 8, 1960. The defendant, by way of answer, denied that he owed the plaintiff $18,000, or any other sum, and as an affirmative defense alleged that the subject matter of the action arose from the foreclosure upon sale of land and that the amount sued for is a deficiency under the sale of the land; that under the laws of the state of California, in which the sale was made, it is specifically provided there shall not be any right to collect for a deficiency from the foreclosure of a mortgage or a trust deed. The defendant relied upon the following statute of California for his defense. California Code of Civil Procedure, § 580b, reads:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property."

The original transaction between plaintiff and defendant took place in July of 1958, and the tract of land in question was sold to defendant by plaintiff for the sum of $45,000. Defendant paid nothing in cash at the time but did agree to assume an indebtedness due Equitable Life Insurance Co. for $10,000. The balance of the purchase price was secured by a deed of trust to plaintiff for $35,000. In April, 1959, the plaintiff at defendant's request executed a subordination agreement under their deed of trust, in favor of one Gordon Chestnut, for the sum of $25,000. From the proceeds of the Chestnut loan the defendant paid off the balance due Equitable of $10,000; paid certain interest payments to plaintiff, and thereafter the plaintiff's trust deed became subordinate to the trust deed of Chestnut's.

The defendant having failed to pay the indebtedness due both plaintiff and Chestnut, plaintiff exercised the power of sale foreclosure of his trust deed in January of 1960. Subsequently, in May of the same year, Chestnut exercised the power of sale foreclosure under his trust deed. On May 18, 1960, a sale was held under plaintiff's foreclosure and the plaintiff bid in the property for $20,000 and took title thereto, subject to the outstanding Chestnut encumbrance which was already in process of foreclosure. Thereafter plaintiff sold the

land for the sale price of $44,000, payable $35,000 in cash and the balance by note and trust deed. Out of the cash payment the plaintiff paid the Chestnut obligation of $25,000 plus interest of $3,222.22, or a total payment to Chestnut of $28,222.22. The gross amount available to plaintiff, before broker's fees, sales costs, delinquent taxes, and attorney fees, was approximately $15,778, of which $9,000 was represented by a note and deed of trust from the purchasers.

The trial court found:

"It is the opinion of the court that the California statutes which have been cited to the court, and particularly that section in relation to the right to a deficiency in connection with a deed of trust in relation to the purchase of property are by law a part of the deed of trust which is involved in connection with this action. The deed of trust in question was part of the purchase price. There was a subordination which was of material benefit to the plaintiff as at least a portion thereof was used in payment of a portion of the original purchase price. It is the opinion of the court that the law defense is well taken."

The plaintiff presents two paramount questions in his opening brief which he contends are dispositive of the case. (1) Do the provisions of § 580b or § 729 of the California Code "operate to bar plaintiff's claim for relief against defendant, assum-

ing them to be applicable to an action filed in the Arizona Superior Court?" (2), "Regardless of whether the California statutes would bar plaintiff's action if brought in that jurisdiction, are they procedural only and therefore of no force or effect in the Arizona action?"

■ There would seem to be some doubt that if the action had been brought in the California courts—§ 580b of the Code of California Procedure would prevent plaintiff from "obtaining a deficiency judgment against the defendant on the foreclosure of his subordinated trust deed." Defendant contends the case of Brown v. Jensen, 41 Cal.2d 193, 259 P.2d 425, answers the problem in this case. The California Supreme Court, in construing the foregoing section, stated in Brown v. Jensen, supra, "[t]he one taking such a trust deed knows the value of his security and assumes the risk that it may become inadequate. Especially does he know the risk where he takes, as was done here, a second trust deed. * * *"

In Brown v. Jensen, supra, the facts were that plaintiff sold real property to the defendants. As a part of the purchase-price, and on the same day, defendants executed a note to a savings and loan association secured by a first deed of trust, and for the balance of the purchase price executed a second note to plaintiff secured by a second deed of trust on the subject property. Both deeds of trust were thus "purchase money

trust deeds". Neither of the notes was paid and the association foreclosed and sold under the first deed of trust, bidding in the property for the amount of the note. Plaintiff then commenced an action on her note, alleging that the security therefor had become valueless by reason of the prior foreclosure and sale.

We think that case is clearly distinguishable from the instant case on the facts. In the *Brown* case the vendor of the land took a second deed of trust simultaneously with the taking of a first deed of trust by the lending institution, and "assumed the risk" that her security might become valueless. It was open to her, as a junior encumbrancer, to protect her security by making the payments due under the paramount security, or by buying in the property at the sale. The purchaser did nothing after the original sale which affected the security or its value.

In the case at bar the situation is completely dissimilar. Plaintiff did not at the time of sale "assume the risk" that his security would become valueless as to the Chestnut transaction, since that did not come into existence until nine months after the sale. He was then persuaded by defendant to subordinate the original security he had retained to the new loan in the amount of $25,000, the proceeds of which, except for payment of the loan to Equitable, were not used in relation to the subject property and had no connection with the original purchase. Cf. Christopherson v. Allen, 190 Cal.App.2d 848, 12 Cal.Rptr. 658.

Plaintiff is not here seeking a deficiency remaining after foreclosure of his original security. The gravaman of plaintiff's claim is that he was compelled to pay off an encumbrance placed against the subject property for the benefit of defendant nine months after the original sale. Thus, plaintiff is not seeking in this action to recover something over and above the original security which is the thing forbidden by the California statute.

In reference to plaintiff's second question, the California statute relating to foreclosure has been uniformly held to be procedural not affecting a substantive right of contract. As was stated in Commercial Nat. Bank of Los Angeles v. Catron, 50 F. 2d 1023 (10th Cir. 1931):

"In Maxwell v. Ricks (C.C.A.) 9 Cir., 294 F. 255, 42 A.L.R. 460, where there was a suit upon two notes, the question arose whether the remedy was affected by a mortgage security. It was conceded that in the courts of California but one action was allowed to the creditor, but it was held that the right to subject the property to a debt was not so connected with the common-law right of action thereon as to exclude a remedy in other courts and that the statute did not

purport to and did not impair the obligation or the transitory character of suit in a court possessing jurisdiction over the parties and subject-matter. There were citations not only to cases in point but to controlling authority from the Supreme Court of the United States, and the remedy on the notes was sustained. The principles announced in that case are sound and they afford a satisfactory precedent for the disposition of this case in favor of the bank. Like rulings were made in Dolbear v. Foreign Mines Development Co. (C.C.A.) 9 Cir., 196 F. 646, and in Mantle v. Dabney, 47 Wash. 394, 92 P. 134."

See also, Felton v. West, 102 Cal. 266, 36 P. 676; First-Trust Joint Stock Land Bank of Chicago v. Meredith, 5 Cal.2d 214, 53 P.2d 958.

We agree that the provisions of California Code of Civil Procedure §§ 580b and 729 are procedural only and do not bar plaintiff from recovery in this action filed in the Superior Court of the State of Arizona. The present factual situation does not come within the scope of § 580b of the California Code of Civil Procedure or cases interpreting this statute, and plaintiff may sue on the debt arising from the transaction in question.

The judgment is reversed and cause remanded for a new trial.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this appeal.