418 P.2d 618

Leonard L. CATCHPOLE, Thelma Catchpole, his wife et al., Appellants,

v.

Edward T. NARRAMORE and Mary N. Narramore, his wife, Appellees.

1 CA–CIV 201.

Court of Appeals of Arizona.
Division 1.

Oct. 17, 1966.

Rehearing Denied Nov. 17, 1966.
Review Granted Jan. 4, 1967.

E. Gene Wade, Mesa, for appellants.

William Burke, Phoenix, Brown, Vlassis & Bain, by C. Randall Bain, Phoenix, for appellees.

STEVENS, Chief Judge.

This cause was decided in the Superior Court on the motion for summary judgment filed by the plaintiffs who are the appellees herein. Both sides agree that there is no dispute as to the facts.

The Narramores sued the Catchpoles, the Whalens and the Beaches. Only the Catchpoles were served and only they appeared in the Superior Court. Certain real property in California was subject to three deeds of trust. The first deed of trust was in favor of the Holmbergs. The purchase money note which is the subject of this matter now under consideration was secured by the second deed of trust. In relation to this instrument the Beaches were the sellers of the property and the payees of the note. The Catchpoles and the Whalens were the buyers of the property under a deed of trust as well as being the makers of the note. The Narramores acquired the note from the Beaches. There was a third deed of trust in favor of the Narramores. The property was severely damaged and a substantial percentage of its value was destroyed. There was a non-judicial sale of the property under the first deed of trust.

The legal issue presented by the motion for summary judgment was whether the California Statutes were procedural or substantive in relation to their effect upon litigation in Arizona. On 27 April 1966, after the appeal was perfected, the Arizona Supreme Court decided the case of Martin v. Midgett, 100 Ariz. 284, 413 P.2d 754 (1966). Martin held that they were procedural. In our opinion, the rules set forth in Martin require the affirmance of the judgment.

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.