428 P.2d 105

Leonard L. CATCHPOLE and Thelma Catchpole, his wife, Appellants,

v.

Edward T. NARRAMORE and Mary M. Narramore, his wife, Appellees.

No. 8890–PR.

Supreme Court of Arizona.

In Banc.

May 24, 1967.

E. Gene Wade, Mesa, for appellants.

William Burke and Brown, Vlassis & Bain, Phoenix, for appellees.

STRUCKMEYER, Justice.

This is an appeal from the entry of a summary judgment in favor of Edward T. Narramore and wife against Leonard L. Catchpole and wife in the amount of $10,-257.13. The Court of Appeals affirmed. 4 Ariz.App. 188, 418 P.2d 618. Opinion of

the Court of Appeals vacated and judgment reversed.

The undisputed facts necessary for the decision here disclose that in 1956, as part of the purchase price of certain real property situated in the State of California, the Catchpoles and others executed and delivered in California to George F. Beach and wife their promissory note secured by a deed of trust on certain real property. At that time the deed of trust was junior to the deed of trust held by Astor Holmberg and wife. George F. Beach and wife assigned the note and deed of trust to appellees Edward T. Narramore and wife. Thereafter, the Catchpoles sold the real property to H. H. Wegger and wife and accepted in part a purchase money note secured by a third deed of trust. The real property was damaged in a tidal wave and the Weggers discontinued payments on all notes. The senior deed of trust was foreclosed. Thereafter no equities remained in the junior lien holders. The Narramores instituted this suit in Maricopa County, Arizona, to secure a judgment against the Catchpoles for the amount due on the note secured by the second deed of trust.

It is the position of appellants that their note did not impose any personal obligation upon them under the laws of the State of California by reason of § 580b of the California Code of Civil Procedure. It is appellees' position that § 580b is procedural and not substantive and that Arizona permits a deficiency judgment under the circumstances here sued upon. Arizona does permit a deficiency judgment where the security is not sufficient to satisfy the debt. A.R.S. §§ 33–725 and 33–727.

Section 580b of the California Code, in its pertinent part, provides:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the *purchaser* to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property." (Emphasis supplied.)

On April 27, 1966, this Court decided Martin v. Midgett, 100 Ariz. 284, 413 P.2d 754. In Martin v. Midgett, we pointed out that in Arizona the plaintiff Midgett was:

"* * * not here seeking a deficiency remaining after foreclosure of his original security. The gravaman of plaintiff's claim is that he was compelled to pay off an encumbrance placed against the subject property for the benefit of defendant nine months after the original sale." 100 Ariz. at 287, 413 P.2d at 757.

And held:

"The present factual situation does not come within the scope of § 580b of the California Code of Civil Procedure * * * and plaintiff may sue on the debt arising from the transaction in question." 100 Ariz. at 288, 413 P.2d at 757.

We also said:

"We agree that the provisions of California Code of Civil Procedure §§ 580b and 729 [sic 726] are procedural only * * *." 100 Ariz. at 288, 413 P.2d at 757.

This last statement was dicta insofar as it had application to § 580b. No question was presented within the limited issues of Martin v. Midgett which required a determination of the nature of § 580b as being substantive or procedural, and the language used should have been confined to § 726 of the California Code of Civil Procedure.

We are not of the view that § 580b is procedural. In California the right to a deficiency judgment has been taken from the creditor if the debt arises out of a purchase money note secured by a mortgage or deed of trust. Bargioni v. Hill, 59 Cal.2d 121, 28 Cal.Rptr. 321, 378 P.2d 593; Stone v. Lobsien, 112 Cal.App.2d 750, 247 P.2d 357. While superficially § 580b is directed to the seller's remedy, it affects a substantive right—that of the seller to recoup the balance due on the purchase

price of real property. The statute does not simply govern applicable procedures; it obliterates the debtor's liability. Hales v. Snowden, 19 Cal.App.2d 366, 65 P.2d 847, cert. den. 302 U.S. 715, 58 S.Ct. 34, 82 L.Ed. 552. Arizona is bound by the interpretation given by the California courts to California laws. Kendrick v. Sovereign Camp, W.O.W., 55 Ariz. 458, 103 P.2d 463.

█ It is the broad, unquestioned rule that the law of the place, lex loci, will govern as to matters going to the basic action. See Hinkly v. Freick, 86 N.J.L. 281, 90 A. 1108, L.R.A.1916B, 1041; Coster v. Coster, 289 N.Y. 438, 46 N.E.2d 509, 146 A.L.R. 702, rehearing den. 290 N.Y. 662, 49 N.E.2d 621. The note here sought to be collected was made in California.

█ But were there any doubts, the note upon which this suit was brought specifically provides for payment "at Crescent City, California." As to this, the general rule is that the law of the place of performance, lex loci solutionis, applies. This is for the reason that parties are presumed to contract with reference to the laws of the state where the contract is to be performed and which are deemed to have been embodied in the contract. See, e. g., Arditi v. Dubitzky, 2 Cir., 354 F.2d 483, and George v. Hass, 311 Ill. 382, 143 N.E. 54.

█ The California statute, being substantive, must be given full faith and credit under the Federal Constitution, § 1, Art. IV. John Hancock Mutual Life Ins. Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L. Ed. 106.

The judgment of the court below is reversed with directions to enter judgment in favor of Leonard L. Catchpole and Thelma Catchpole, his wife, and for their costs.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.