519 P.2d 1223 (1974)
Marvin JENSEN, d/b/a Jensen Movers, Plaintiff-Appellant,
v.
Betty A. BARNES, Defendant-Appellee.
No. 72-411.
Colorado Court of Appeals, Div. I.
February 26, 1974.
Skelton, Miller & Matassa, Dale E. Miller, Wheat Ridge, for plaintiff-appellant.
Almon & Barsotti, Charles Ginsberg, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Marvin Jensen brought this action to obtain a Colorado judgment upon a foreign judgment he had obtained in the circuit court of Cook County, Illinois, against Betty Barnes. Defendant Barnes, in her answer, alleged that the Illinois judgment was void for lack of personal jurisdiction and for fraud, and asserted that the matter had previously been determined by a former judgment entered in Colorado. At a pre-trial conference the parties agreed that the court could rule on the merits of the case based upon the pleadings and the briefs in the file. The trial court ruled that the prior Colorado judgment was controlling and dismissed the complaint. Plaintiff appeals from that judgment. We affirm.
The action arises out of a dispute as to the ownership of household goods which were placed in storage in March 1964 with plaintiff in Chicago, Illinois, by defendant and her then husband, Robert Barnes. The warehouse receipt was issued in the name of Robert Barnes. Mr. and Mrs. Barnes then moved to Colorado, following which marital problems arose which resulted in separations and apparent reconciliations. In any event, in December 1964, Mrs. Barnes requested Jensen to ship the goods to Denver, and paid the charges therefor. Jensen shipped the goods to its Denver agent, Kamp Moving and Storage Co.
On November 1, 1965, Betty Barnes obtained a divorce decree from Mr. Barnes in the Denver district court, and on July 11, 1966, by permanent orders, was awarded the household goods as her sole property. The court determined their value to be $5,000. The validity of the divorce proceedings is not questioned.
Attached to the complaint in the present action is the judgment roll of the Illinois suit on which Jensen relies. This reveals that Jensen filed his complaint on August 23, 1966, and obtained service on Mrs. Barnes in Colorado on August 30, 1966, at which time Jensen's Denver agent still retained *1224 possession of the goods. The complaint named Mr. and Mrs. Barnes as defendants and, in substance, alleged that Jensen was the bailee of the goods, that both Mr. and Mrs. Barnes claimed full title to the property, and that plaintiff sought a judicial determination as to whom the property should be delivered. The prayer requested an order adjudicating the property rights of Mr. and Mrs. Barnes in the goods. Mrs. Barnes failed to appear, and a default was entered against her.
In 1968 the action was consolidated with an action which Mr. Barnes had brought against Jensen in which he sought damages for conversion of the goods when Jensen failed to deliver them to him on demand. On April 30, 1969, the Illinois court entered judgment in favor of Mr. Barnes against Jensen for failure to return the goods and determined their value to be $5,000, the amount of the judgment. The court also found that "Betty A. Barnes is guilty of acts of fraud and wrongful conversion" and entered judgment against her for $5,000. This is the judgment Jensen seeks to enforce in the present action.
We assume, as did the trial court, that the Illinois court had jurisdiction over Mrs. Barnes, and that there was no fraud on the Illinois court involved. The sole issue here is whether the judgment of the Illinois court, because of the full faith and credit clause of the United States Constitution, must be accorded greater efficacy than the previous judgment of the Colorado court.
The general rule is that when courts of different jurisdictions have reached different results on the same issue, the later judgment controls. 50 C.J.S. Judgments § 889. However, it is also the rule that when one of the conflicting decisions was entered by a court of the state in which the current action is pending, that decision takes precedence over the court of a sister state. Pruitt v. Key, 281 Ala. 433, 203 So.2d 450. As stated in Hammell v. Britton, 19 Cal.2d 72, 119 P.2d 333:
"The full faith and credit clause does not compel this court to set aside a judgment rendered in an action involving the same issue which has subsequently been adjudicated by a court of a sister state. To so apply that clause would result in giving greater faith and credit to the judgments of the courts of other states than to those of the courts of this state. That provision of the Constitution cannot reasonably be interpreted to authorize a person to litigate a question ad infinitum."
Similarly in Colby v. Colby, 78 Nev. 150, 369 P.2d 1019, cert. denied, 371 U.S. 888, 83 S.Ct. 186, 9 L.Ed.2d 122, it is stated:
"Analysis demands the conclusion that [plaintiff] does not here ask us to merely accord full faith and credit to the Maryland decree. Instead, we are asked to give it greater credit and respect than the prior decree of our own State lawfully entered. Full faith and credit does not require, nor does it contemplate, such action from us."
Accord, Porter v. Porter, 101 Ariz. 131, 416 P.2d 564, cert. denied, 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107; Perry v. Perry, 51 Wash.2d 358, 318 P.2d 968.
The above rule is applicable here. The issue resolved in the Colorado action was the ownership of the household goods as between Mr. and Mrs. Barnes. This was the same issue that Jensen sought to have resolved in his action in the Illinois court, wherein he prayed in his complaint for "an order adjudicating the property rights of Betty A. Barnes and Robert S. Barnes to the personal property in question herein," that is, the household goods. Based on the record, this was the sole issue concerning defendant that was properly before the Illinois court, even though the Illinois court completely ignored the issue presented by the complaint before it and entered judgment on the basis of a tort which was not alleged and of which the defendant, Mrs. Barnes, was not apprised. The trial court was correct in upholding the prior Colorado decree and, by reliance thereon, in dismissing the present action.
*1225 We have considered the other issues urged by appellant and find them to be without merit.
Judgment affirmed.
ENOCH and RULAND, JJ., concur.