[No. A040256. First Dist., Div. One. May 25, 1989.]

KIMBEL J. STUART, Plaintiff and Respondent, v. STEVEN G. LILVES, Defendant and Appellant.

COUNSEL

Charles B. Tunnell for Defendant and Appellant.

Miller, Starr & Regalia, Gary E. Rosenberg and George B. Speir for Plaintiff and Respondent.

OPINION

**RACANELLI, P. J.**—The question raised in this appeal is whether a Colorado judgment, inconsistent with an earlier California judgment, should be enforced in this state.

FACTS

The facts are not in dispute.

*The Underlying Controversy*

In 1981, defendant (a Marin County resident) purchased a house in Fort Collins, Colorado, from plaintiff. The consideration included defendant's promissory note for $18,000 secured by a second deed of trust. In 1984, the public trustee—holder of the first deed of trust—foreclosed on its senior lien, and the property was sold.

In the present litigation, plaintiff seeks to recover from defendant the unpaid amount due on the purchase money note. Under California law, of course, a deficiency judgment is not permitted after sale of the secured property. (Code Civ. Proc., § 580b.) Colorado has no similar antideficiency statute.

*Lawsuit No. 1: California*

In January 1985, plaintiff filed suit in Marin County for breach of contract seeking to recover the amount owed on the promissory note. After filing an answer, defendant moved for summary judgment; plaintiff did not oppose the motion. The court thereupon determined that plaintiff was seeking to recover a deficiency judgment and "the action of Plaintiff has no merit."

In October 1985, the court entered judgment in favor of defendant. The parties agree that the basis for the ruling was the court's conclusion that a deficiency judgment is barred by Code of Civil Procedure section 580b.

*Lawsuit No. 2: Colorado*

Meanwhile, in August 1985, while the Marin County action was pending, plaintiff filed a second action in Larimer County, Colorado, again seeking to recover the $18,000 due on the promissory note. However, plaintiff did not serve defendant with the complaint until after the California judgment was entered.

In the Colorado action, defendant raised the defense of res judicata on the theory that the California judgment barred the subsequent Colorado action. The Colorado court, however, concluded that the California judgment was not a judgment on the merits. The court reasoned that "the grounds relied upon by the [California] court did not go to the merits of Plaintiff's Complaint, but related to a statutory bar rendering such claim unenforceable in California." The Colorado court further concluded that the dismissal of plaintiff's action in California pursuant to the antideficiency statute was "more analogous to dismissal for want of jurisdiction than to a ruling on the merits."

In March 1987, the Colorado court entered judgment in favor of plaintiff for $33,736 (principal sum plus prejudgment interest and attorney fees).

In April 1987, defendant appealed to the Colorado Court of Appeals which eventually affirmed the lower court's decision; the decision has since become final.

*Lawsuit No. 3: California*

In April 1987, plaintiff filed an application in Marin County for entry of the Colorado judgment pursuant to the Sister State Money-Judgments Act (Code Civ. Proc., § 1710.10 et seq.). Defendant moved to vacate the

Colorado judgment, arguing that the Colorado court failed to give full faith and credit to the California judgment.

Defendant now appeals from the trial court's order denying said motion.

## DISCUSSION

■ There can be little argument that the October 1985 California judgment is res judicata in this state. No appeal having been taken, the judgment is now final. A judgment entered upon a motion for summary judgment is a determination that there is no factual dispute and one party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c.) Such a judgment is as final and conclusive a determination of the merits as a judgment after trial. ■ ■ ■ ■ (*Columbus Line, Inc.* v. *Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622, 629 [174 Cal.Rptr. 527]; see 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 219, p. 655.)[1]

■ The judgment was not grounded on a procedural defect but on the substantive provisions of Code of Civil Procedure section 580b, which prohibits any judgment for the failure of a purchaser of a residential dwelling to repay the purchase money loan.[2] That statute affects the substantive right of the seller to recoup the unpaid balance of the purchase price. ■ It is part of the contract and applies even when the land lies in another state. (*Younker* v. *Reseda Manor* (1967) 255 Cal.App.2d 431, 434-438 [63 Cal.Rptr. 197]; *Kish* v. *Bay Counties Title Guaranty Co.* (1967) 254 Cal.App.2d 725, 733 [62 Cal.Rptr. 494]; see also *Catchpole* v. *Narramore* (1967) 102 Ariz. 248 [428 P.2d 105] [§ 580b, being substantive, must be applied by Arizona court in dispute involving promissory note executed and delivered in California for purchase of California property].)

■ The October 1985 California judgment in favor of defendant thus bars any further suit by plaintiff on the same cause of action. (7 Witkin, Cal. Procedure, *supra,* § 249, p. 687.) ■ The question presented herein is

---

[1] In his brief, plaintiff characterizes the summary judgment as a "default judgment" in an apparent attempt to suggest that the judgment was something less than a judgment on the merits. But the judgment was in favor of *defendant.* Plaintiff was the one who initiated the lawsuit. Plaintiff had every opportunity to argue the merits of his claim. (He could have argued, e.g., that Colorado and not California law should apply.) But he chose instead to file a "Statement of Non-Opposition to Defendant's Motion for Summary Judgment." The fact that plaintiff conceded the invalidity of his claim does not detract from or otherwise diminish the summary adjudication on the merits.

[2] The threshold language of the statute expressly declares: "No deficiency judgment shall lie . . . ."

whether plaintiff is equally barred from entering, in a California court, a sister state judgment based on the same cause of action.

In denying the motion to vacate, the trial court concluded that it was bound by the full faith and credit clause to honor the judgment of the Colorado court. ■ Indeed, the full faith and credit clause requires a state court to recognize the judgment of another state as res judicata even if the judgment could not have been obtained in the forum state. (*United Bank of Denver* v. *K & Y Trucking Co.* (1983) 147 Cal.App.3d 217, 221-223 [195 Cal.Rptr. 49] [California court obligated to enforce Colorado deficiency judgment]; see also *Tyus* v. *Tyus* (1984) 160 Cal.App.3d 789, 792 [206 Cal.Rptr. 817] [California court obligated to recognize Texas divorce judgment]; *New York Higher Education Assistance Corp.* v. *Siegel* (1979) 91 Cal.App.3d 684, 688 [154 Cal.Rptr. 200] [California court obligated to recognize New York judgment].)

■ The wrinkle in the present case is that there are *two* prior judgments: one from California and one from Colorado. The pivotal issue is whether the California court is obligated to recognize the Colorado judgment which conflicts with an earlier California judgment.

■ It is the general rule that when two inconsistent judgments are rendered, the one rendered *later* is conclusive in a third action. (Rest.2d Judgments, § 15, p. 143; see also Rest.2d Conflict of Laws, § 114, p. 329 and com. b., p. 330.) ■ ■ But the courts have applied a different rule when the first of the inconsistent judgments was rendered in the state of the pending (third) action.

"The general rule is that when courts of different jurisdictions have reached different results on the same issue, the later judgment controls. 50 C.J.S. Judgments § 889. However, it is also the rule that when one of the conflicting decisions was entered by a court of the state in which the current action is pending, that decision takes precedence over the court of a sister state." (*Jensen* v. *Barnes* (1974) 33 Colo.App. 333 [519 P.2d 1223, 1224]; see also *Hammell* v. *Britton* (1941) 19 Cal.2d 72, 84 [119 P.2d 333]; *Porter* v. *Porter* (1966) 101 Ariz. 131 [416 P.2d 564, 568, 34 A.L.R.3d 933], cert. den. 386 U.S. 957 [18 L.Ed.2d 107, 87 S.Ct. 1028]; *Colby* v. *Colby* (1962) 78 Nev. 150 [369 P.2d 1019], cert. den. 371 U.S. 888 [9 L.Ed.2d 122, 83 S.Ct. 186]; *Martin Bros. Co.* v. *Fritz* (1940) 228 Iowa 482, 492 [292 N.W. 143].)

■ *Colby* presents a closely analogous situation. There, the wife first obtained a divorce in Nevada; husband thereafter obtained a divorce in

Maryland. In the latter proceeding, wife argued that the Nevada judgment was binding, but the Maryland courts decided otherwise, concluding that the Nevada decree was void. Husband then filed a motion in the Nevada court to set aside the earlier Nevada judgment, arguing that the Maryland decree was entitled to full faith and credit. The Nevada Supreme Court rejected the argument stating succinctly: "Analysis demands the conclusion that Benjamin does not here ask us to merely accord full faith and credit to the Maryland decree. Instead, we are asked to give it greater credit and respect than the prior decree of our own State lawfully entered. Full faith and credit does not require, nor does it contemplate, such action from us. [Citations.]" (369 P.2d at p. 1023.)

Our highest court has followed a similar line of reasoning: "The full faith and credit clause does not compel this court to set aside a judgment rendered in this state in an action involving the same issue as that subsequently adjudicated by a court of a sister state. So to apply that clause would result in giving greater faith and credit to the judgments of the courts of other states than to those of the courts of this state. That provision of the Constitution cannot reasonably be interpreted to authorize a person to litigate a question *ad infinitum*. If full faith and credit is to be given, it should have been given to the California judgment by the Colorado court when entertaining the plaintiff's action which resulted in the second Colorado judgment." (*Hammell* v. *Britton, supra,* 19 Cal.2d at p. 84.)

In light of such persuasive authority, we conclude that plaintiff is *not* entitled to enforce the Colorado judgment in a California court. Plaintiff's original choice of the California forum, together with his passive reaction to the summary judgment proceeding, enabled a final determination of the merits of the controversy, which thereafter barred plaintiff from relitigating the same issue. Despite the fact that plaintiff succeeded in relitigating the controversy in Colorado, the California court was not required to honor the Colorado judgment. To repeat the *Hammell* court's admonition: "If full faith and credit is to be given, it should have been given to the California judgment by the Colorado court when entertaining the plaintiff's action . . . ." (19 Cal.2d at p. 84.)

Since the full faith and credit clause does not require the California courts to ignore a California judgment, the order denying the motion to vacate the Colorado judgment was erroneous.

The order is reversed. Costs to appellant.

Holmdahl, J., and Stein, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 16, 1989.