FILED

**NOT FOR PUBLICATION**

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONTEBUENO MARKETING, INC., a Philippine corporation; LIONG LIONG SY, a Philippine individual; SABROSA FOODS, INC., a Philippine corporation,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>DEL MONTE CORPORATION-USA, a New York corporation; PAUL E. DERBY, Jr.; DANIEL COLLINS; LUIS HILDAGO, California individuals,<br><br>Defendants - Appellees. | No. 12-15958<br><br>D.C. No. 3:11-cv-04977-MEJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: BENAVIDES,** TALLMAN, and CLIFTON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

\** The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Plaintiffs Montebueno Marketing, Inc., Sabrosa Foods, Inc., and Liong Liong Sy ("Montebueno") sued Del Monte Corporation-USA, Paul E. Derby, Jr., Daniel Collins, and Luis Hidalgo ("Del Monte") seeking recognition of a Philippine judgment under California's Uniform Foreign-Country Money Judgments Recognition Act. The district court converted, without objection, Del Monte's motion to dismiss into one for summary judgment. The court then granted it. Montebueno's motion for leave to file a motion for reconsideration of the summary judgment order was denied. Montebueno appeals both decisions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court denied the motion for leave under Northern District Local Rule 7-9. We review for abuse of discretion. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007). That review involves two steps. United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). But Montebueno only argues the second step, under which we will only reverse if "the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. at 1262 (internal citations and quotations omitted).

Here, the district court logically applied the appropriate local court rule. The rule prohibits parties from filing motions for reconsideration without leave, and

2

requires those seeking leave to show one of three circumstances. N.D.L.R. 7-9(a) & (b). The circumstance Montebueno relies on is "the emergence of new material facts . . . occurring after the time of such order." N.D.L.R. 7-9(b)(2). Montebueno argues that the conversion of Del Monte's motion to dismiss into one for summary judgment was a new material fact. It wasn't. The conversion occurred before the order, not after, as the rule requires. And Montebueno consented to the conversion in open court and declined the court's offer to consider any further evidence the parties wished to adduce.

We review de novo, Suzuki Motor Corp. v. Consumers Union, Inc., 330 F.3d 1110, 1131 (9th Cir. 2003), the grant of summary judgment to Del Monte under California Code of Civil Procedure § 1716(c)(5). The statute provides that a court "is not required to recognize a foreign-country judgment if . . . [t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court." The district court found that the Philippine litigation that produced the foreign judgment here was "contrary to" an arbitration agreement between Montebueno and Del Monte, a provision the Northern District of California had earlier ordered to be invoked. We agree.

3

To avoid the agreement's effect and the earlier arbitration order, Montebueno argues the last-in-time rule and waiver. But the last-in-time rule doesn't apply where, as here, the first forum and the third forum are the same. E.g., Stuart v. Lilves, 210 Cal. App. 3d 1215, 1220 (Cal. Ct. App. 1989). And Montebueno's waiver argument—that Del Monte waived the arbitration clause by litigating in the Philippines—fails for lack of evidence. We cannot overlook Montebueno's concession that no further discovery was necessary and no material facts remained in dispute.[1] The record, as it stood before the district court, revealed no waiver.

AFFIRMED.

---

[1] Montebueno's request for judicial notice and/or motion to augment the record on appeal is denied for this same reason.