Filed 12/17/20 Lozano v. Palm Communities CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| AFRA LOZANO, | |
| Plaintiff and Appellant, | E073245 |
| v. | (Super.Ct.No. PSC1900859) |
| PALM COMMUNITIES et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Kira L. Klatchko, Judge. Affirmed.

Afra Lozano, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Arthur K. Cunningham, Daniel R. Velladao and Tracy D. Forbath, for Defendants and Respondents Palm Communities, PD Hovley Limited Partnership and ConAm Management Corporation.

Horvitz & Levy, Stephen E. Norris, Jacob M. McIntosh; Kuluva Armijo & Garcia and Mark D. Shields for Defendant and Respondent AWI Management Corporation.

1

This is the second lawsuit to arise from an indisputably horrifying event: after an argument, a neighbor shot and wounded plaintiff and appellant Afra Lozano, and shot and killed Lozano's son and granddaughter. Lozano sued her apartment complex's owners and management companies alleging they breached a duty of care by not doing more to prevent the tragedy after Lozano had informed them of her neighbor's threats and erratic behavior. In an appeal that is long since final, this court affirmed a summary judgment entered for AWI Management Corporation (AWI), the company that managed the apartment complex until three months before the tragedy. Almost three years later, Lozano, acting as her own attorney, filed this lawsuit against the same corporate defendants. This time, the trial court sustained two separate demurrers to Lozano's complaint on the grounds her lawsuit was barred under the doctrine of claim preclusion and entered two separate judgments of dismissal.

Using an optional Judicial Council form, Lozano timely filed a notice of appeal in the superior court. But Lozano did not identity, by date or defendant name, the judgment or judgments she intended to appeal. We will apply our settled duty to liberally construe the notice to apply to both judgments. Because there is no genuine dispute that this lawsuit alleges the same causes of action that have already been fully litigated against the same defendants in a prior lawsuit, which resulted in a final judgment, we affirm the judgments of dismissal.

# I.

## FACTS AND PROCEDURAL BACKGROUND

In 2003, Lozano and her family moved into Hovley Gardens, a Palm Desert apartment complex owned by PD Hovley Limited Partnership (PD Hovley) and Palm Communities. In 2010, Lozano complained to AWI that her neighbor Juan Carlos Alcala had acted bizarrely and threatened to "do something" if Lozano's family was not quiet. Lozano did not report that Alcala had threatened her and her family with a gun. Indeed, Lozano had no knowledge that Alcala owned a firearm. On January 1, 2011, AWI ceased managing Hovley Gardens and those duties were assumed by ConAm Management Corporation (ConAm). Three months later, Alcala shot Lozano, her son, and her granddaughter after an argument. Tragically, Lozano's son and granddaughter died. (*Lozano v. AWI Management Corp.* (Apr. 6, 2016, E060992) [nonpub. opn.] (*Lozano I*, *supra*, E060992), review denied June 29, 2016, S234586.)[1]

Lozano sued Palm Communities, PD Hovley, AWI, and ConAm, and alleged causes of action for general negligence, premises liability, and wrongful death based on the defendants' failure to take appropriate action or to evict Alcala when his threats and harassing conduct were brought to their attention.[2] AWI successfully moved for summary judgment on the grounds it was not responsible for conduct that occurred

---

[1] The requests for judicial notice filed October 25, 2019 and April 17, 2020, by respondents Palm Communities, PD Hovley, and ConAm, and the request for judicial notice filed October 29, 2019, by respondent AWI are hereby granted. (Evid. Code, §§ 452, 459.)

[2] Lozano also sued Alcala for intentional tort. (*Lozano I*, *supra*, E060992.)

months after it ceased managing the property, and it had no duty to protect Lozano and her family from the unforeseeable tragedy because Lozano's vague complaints never indicated Alcala had threatened to use a firearm. In an opinion that is now final, this court affirmed the judgment. (*Lozano I*, *supra*, E060992.)

Acting as her own attorney, Lozano filed the current lawsuit against the same defendants in February 2019, alleging causes of action for negligence and wrongful death. She once more alleged defendants failed to take appropriate action to protect her and her family's safety, despite being informed of Alcala's conduct. PD Hovley, ConAm, and Palm Communities demurred to the complaint and argued Lozano's lawsuit was barred under the doctrine of res judicata (claim preclusion) because the same claims were litigated to finality against the same defendants. AWI also demurred and argued Lozano's lawsuit was barred by the doctrine of claim preclusion.

After hearing PD Hovley, ConAm, and Palm Communities' demurrer on May 14, 2019, the trial court ruled Lozano's lawsuit was barred by res judicata and sustained the demurrer without leave to amend. When it heard AWI's demurrer on May 29, 2019, the trial court made the same ruling and sustained the demurrer without leave to amend. The court entered a judgment of dismissal for AWI on June 12, 2019, and AWI served Lozano on July 3, 2019, with a notice of entry of judgment. The court entered a judgment of dismissal for PD Hovely, ConAm, and Palm Communities on June 24, 2019, and they served Lozano with a notice of entry of judgment on July 16, 2019.

Lozano filed a form notice of appeal in the superior court on July 19, 2019.

4

II.

DISCUSSION

*A.     Appealability.*

The Court of Appeal has jurisdiction, or power, to decide an appeal only when the judgment or order of the superior court being challenged is made appealable by statute and the appellant timely files a notice of appeal or its legal equivalent.  (*In re J.F.* (2019) 39 Cal.App.5th 70, 74-75.)  Because appellate jurisdiction is a fundamental prerequisite, a reviewing court has a duty to address any doubts about its jurisdiction, whether addressed by the parties or not.  (*Olson v. Cory* (1983) 35 Cal.3d 390, 398 ["[S]ince the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion."].)

To appeal from a judgment or appealable order, an appellant must serve and file a notice of appeal in the superior court.  (Cal. Rules of Court, rule 8.100(a)(1).)  "The notice is sufficient if it identifies the particular judgment or order being appealed."  (*Id.*, at rule 8.100(a)(2).)  "The notice must describe the judgment or order in such a manner as to make its identification reasonably certain.  This part of the notice calls for some care in drafting."  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 561, p. 640.)

Using optional Judicial Council form APP-002, Lozano filed and served a notice of appeal in the superior court on July 19, 2019.[3]  Without question, the judgments of dismissal entered for defendants on June 12 and 24, 2019, were appealable as final

_____

[3] Lozano mistakenly checked the box for a "Cross-Appeal."

5

judgments.  (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1).)  In addition, there is no question Lozano's notice of appeal was timely as to both because she filed it within 60 days of being served with notice of their entry.  (Cal. Rules of Court, rule 8.104(a).)  However, the notice of appeal is facially deficient in that it fails to identify what "particular judgment" she appeals from.[4]  (*Id*., rule 8.100(a)(2).)  Lozano checked the box to indicate she was appealing from a "Judgment of dismissal after an order sustaining a demurrer."  If there was only one judgment in this case, there would be no question Lozano intended to appeal from the sole judgment.  But there were *two judgments* in this case, one for AWI and one for the remaining defendants, entered on separate days.  Yet Lozano left blank the space provided for the date or dates of the judgment or judgments she intended to appeal.  And although she served the notice on both sets of defendants, as mandated by rule (Cal. Rules of Court, rule 8.25(a)(1)), the notice is at least ambiguous

---

[4]  In its brief and during oral argument, AWI argued Lozano's notice of appeal is inadequate at least with respect to the judgment entered in its favor.  Lozano did not address the adequacy of the notice in her reply brief.

We believe AWI places too much weight on the fact Lozano only named Palm Communities in the caption to her notice.  The caption to Judicial Council form APP-002 requires the appellant to indicate the name of the "Plaintiff/Petitioner" and "Defendant/Respondent," i.e., the parties' designations in the superior court.  Space permitting, the caption to the notice of appeal should mirror the caption to the complaint.  (See Code Civ. Proc., §§ 422.30, subd. (a)(2), 422.40.)  By itself, Lozano's failure to list AWI in the caption does not indicate she intended to appeal from the judgment in favor of Palm Communities and *not* from the judgment for AWI.

as to whether Lozano intended to appeal from only one of the judgments or from both.[5]

Nonetheless, we are generally required to liberally construe a notice of appeal in favor of its sufficiency. (Cal. Rules of Court, rule 8.100(a)(2).) "A notice of appeal shall be "'liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced."'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272 . . . , quoting *Luz v. Lopes* (1960) 55 Cal.2d 54, 59 . . . .)" (*In re J.F.*, *supra*, 39 Cal.App.5th at pp. 75-76.) "The rule is intended to 'implement the strong public policy favoring the hearing of appeals on the merits.'" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882, quoting *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960.) "This policy is especially vital where the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal." (*Norco Delivery Service, Inc.*, at pp. 960-961.)

---

[5] On November 12, 2020, after this court issued its tentative decision, Lozano filed a "Motion to Correct Documents." The motion, which this court will treat as an application for leave to file an amended notice of appeal, seeks to amend Lozano's notice of appeal to indicate she intended to appeal from the June 12 and 24, 2019 judgments. The court has reviewed the motion, and the oppositions to the motion filed November 20 and 24, 2020. Because the normal time to appeal from those judgments has long since passed, Lozano may file an amended notice of appeal only if it "relate[s] back" to a "legally sufficient" notice of appeal that was filed within the deadline. (*Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1046-1047 (*Shiver*); see *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 715-716.) Because we will liberally construe Lozano's notice of appeal to include both judgments, her application is denied as moot.

The rule of liberal construction has its limits. For example, a notice of appeal will not be construed to encompass an omitted judgment or order when the appellant clearly and unmistakably intended to appeal solely from the judgment or order expressly identified in the notice. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 76-79 [declining to liberally construe notice of appeal to encompass order entered 44 days before the order identified in the notice, where appellant expressed clear intent to appeal solely from later order].) However, when a trial court simultaneously issues two separately appealable orders on the same day, the notice will be liberally construed to apply to both—the one expressly identified in the notice and the omitted one—if it is reasonably clear the appellant intended to challenge both. (See, e.g., *Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 321; *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017.)

Here, it is reasonably clear Lozano intended to appeal from both judgments. She checked the box on her notice of appeal for a judgment dismissing an action following an order sustaining a demurrer without leave to amend. Both judgments fit that description. And, although the judgments were issued 12 days apart, Lozano filed her notice of appeal within the time to appeal from both judgments. Clearly, by filing the notice of appeal, Lozano unequivocally expressed her intent to appeal from the dismissal of her lawsuit, and we find nothing that would logically and conclusively indicate she intended to appeal only from one of the judgments. (See, *ante*, fn. 4.)

Nor do we ascertain any prejudice from Lozano's failure to identify with particularity the judgments in her notice of appeal. In deciding whether a respondent has been prejudiced by an ambiguity in the notice, such that the rule of liberal construction should or should not be applied, reviewing courts may look to the appellant's designation of record.[6] (See *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 362.) Lozano designated the transcripts of oral proceedings for the hearings on both demurrers which, by itself, would be enough to place both sets of defendants on notice that she intended to appeal both judgments. True, in the section for documents to be included in the clerk's transcript, Lozano left blank the spaces for the date or dates of the judgments and notices of entry of judgment. However, given the fact no defendant moved to dismiss the appeal for lack of appellate jurisdiction, and the main briefs on appeal filed by both sets of defendants fully addressed the merits of their appeal, we find no appreciable prejudice.

In sum, we liberally construe Lozano's notice of appeal as timely challenging the June 12 and 24, 2019 judgments.

---

[6] As AWI suggests in its brief, to the extent we look beyond the notice of appeal, we should only consider documents filed in the superior court when determining whether Lozano's notice of appeal is adequate or whether to liberally construe it. (Cf. *Bosetti v. United States Life Ins. Co. in City of New York* (2009) 175 Cal.App.4th 1208, 1224 [because notice of appeal must be filed in superior court, reviewing court declined to treat case information sheet filed in Court of Appeal as a notice of appeal].)

## B.       *Lozano's Complaint is Barred Under the Doctrine of Claim Preclusion.*

As noted, the trial court agreed with defendants that Lozano's lawsuit is barred under the doctrine of claim preclusion, sustained their demurrers without leave to amend, and dismissed Lozano's complaint.  We find no error.

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'  [Citation.]  If the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment.  [Citation.]  The burden is on [the] plaintiff[] to prove that amendment could cure the defect."  (*King v. CompPartners*, *Inc.* (2018) 5 Cal.5th 1039, 1050.)

The term "'res judicata'" is often used "as an umbrella term encompassing both claim preclusion and issue preclusion, which [is] described as two separate 'aspects' of an overarching doctrine.  [Citations.]  Claim preclusion, the ""primary aspect"" of res judicata, acts to bar claims that were, or should have been, advanced in a previous suit involving the same parties.  [Citation.]  Issue preclusion, the ""secondary aspect"" historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit."  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)  """The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same:  (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the

10

doctrine is being asserted was a party or in privity with a party to the prior proceeding." '" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)

There can be no serious dispute that Lozano's complaint in this case addresses the identical claims against the same defendants as her complaint in the first lawsuit. In nearly identical language, both complaints alleged defendants failed to take remedial action after Lozano informed them of Alcala's threats and sought damages under general negligence and wrongful death theories. Lozano was represented by counsel in the superior court and in the Court of Appeal in the first lawsuit. Her claims were adjudicated in the first lawsuit, and the summary judgment was affirmed on appeal by this court and it is long since final. (See *Lozano I*, *supra*, E060992.) "A judgment entered upon a motion for summary judgment is a determination that there is no factual dispute and one party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c.) Such a judgment is as final and conclusive a determination of the merits as a judgment after trial." (*Stuart v. Lilves* (1989) 210 Cal.App.3d 1215, 1219.)

Nor can there be any serious dispute it is not reasonably probable Lozano will be able to amend her complaint to state a claim against defendants that arises from the same tragic facts but will not likewise be barred by claim or issue preclusion. Therefore, we must conclude the trial court correctly sustained the demurrers to Lozano's complaint without leave to amend.

11

## III.

## DISPOSITION

The judgments are affirmed.  In the interest of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

12