[Civ. No. 28080. Second Dist., Div. One. Mar. 30, 1965.]

R. S. H. VENABLE et al., Plaintiffs and Respondents, v. AL HARMON et al., Defendants and Appellants.

G. Norman Kennedy for Defendants and Appellants.

Silbert & Silbert and Alan D. Shulman for Plaintiffs and Respondents.

FOURT, J.—This is an appeal from a judgment rendered in favor of the plaintiffs-sellers in an action with reference to a contract for the purchase and sale of real property. The facts are stipulated in writing by the parties.[1]

On September 7, 1961, plaintiffs filed a complaint for breach of contract seeking as damages the monthly payments

---

[1]"This is an action by the plaintiffs to recover certain monthly payments alleged to be due, pursuant to the terms of a land sales contract wherein the plaintiffs agreed to sell and the defendants agreed to buy a certain parcel of real property situated in the City of Pasadena, County of Los Angeles, State of California, according to the terms of that certain agreement dated December 7, 1959, a copy of which agreement is attached to the Complaint as Exhibit A thereto. All of the parties admit the due execution of said agreement.

". . . . . . . . . .

"According to the terms of said agreement, defendants were to pay total monthly payments of $575.00, commencing December 1, 1959, and were to pay plaintiffs the additional sums of $5,000.00 on June 1, 1960, and $3260.00 on December 1, 1960. That of said payments of $575.00 per month, $145.00 per month was, according to the terms of said agreement, to apply upon the principal of $10,000.00, and, under the terms of said agreement, when defendants had paid a total of $10,000.00 on account of principal, the parties agreed to enter into an escrow whereby plaintiffs would execute and deliver to defendants a good and sufficient deed conveying said realty, and furnish defendants with a Policy of Title Insurance, of Title Insurance and Trust Company, showing title to said property vested in defendants, and defendants would assume the responsibility for and payment of that certain promissory note secured by a first deed of trust on said realty and were to execute and deliver to plaintiffs a promissory note secured by a second deed of trust on said realty in the amount of the difference between said $10,000.00 principal payment and the total sales price of $55,000.00 less the amount due on the promissory note secured by the first deed of trust on said property.

". . . . . . . . . .

"After the execution of said agreement above referred to, defendants entered into possession of said real property, but prior to the filing of the Complaint herein, defendants abandoned said property, but plaintiffs refused to and still refuse to accept a tender of said property in consideration of the release of all defendants' obligations under the terms of said agreement.

". . . . . . . . . .

"After the execution of the agreement above referred to, plaintiffs and defendants agreed that defendants were to continue to pay the sum of $575.00 on or before the first day of each month in consideration of which the plaintiffs agreed to defer the other payments on principal above referred to, and that of said payments of $575.00 per month, the sum of $145.00 per month would apply upon the principal payment of $10,000.00.

". . . . . . . . . .

"Defendants paid the monthly payments of $575.00 each month to and including the payment of $575.00 which was due and payable,

past due and to become due up to the time of trial. The defendants based their defense solely upon section 580b of the Code of Civil Procedure. The cause was tried and the court made its findings of fact and conclusions of law, the significant portion of which state that "The plaintiffs' action herein and right of recovery thereon is not barred by the provisions of Section 580b of the Code of Civil Procedure of the State of California." The court found that the defendants were obligated to pay the monthly installments up to the day of trial and a judgment was entered awarding the plaintiffs the sum of $13,800. It is from this judgment the defendants appeal. The appellants contend that the contract, admittedly not a purchase money mortgage, is of the same character as purchase money paper and the judgment entered herein is in the nature of a deficiency judgment and should be barred by section 580b of the Code of Civil Procedure.

Section 580b of the Code of Civil Procedure (in effect at the time of this action) provided, in part, that "No deficiency

according to the terms of the agreement on February 1, 1961, and since said date of February 1, 1961, defendants have not paid any sum of any kind or nature to plaintiffs.

" . . . . . . . . . . .
"That prior to the institution of the above action, demand was duly made on defendants to pay all delinquencies under the terms of said agreement.

" . . . . . . . . . . .
"That defendants have failed to pay the monthly installments of $575.00 each from March 1, 1961 to and including the installment which will become due on February 1, 1963, or a total of twenty-four (24) monthly payments, being in the aggregate the sum of $13,800.00.

" . . . . . . . . . . .
"That the plaintiffs have duly performed all of the terms and conditions on their part to be performed under the terms of the agreement above referred to and are willing and ready to complete said agreement.

" . . . . . . . . . . .
"That in the event the above entitled Court determines that plaintiffs are entitled to recover judgment against the defendants, that such judgment shall be in the sum of $13,800.00, covering the delinquency payments referred to in paragraph IX hereof, together with interest thereon, and costs of suit herein incurred.

" . . . . . . . . . . .
"That prior to March 1, 1961 the defendants, and each of them, gave notice to the plaintiffs, and each of them, that they were no longer in possession of said property and that said defendants were tendering said property to said plaintiffs and that said defendants did in effect tender said property to plaintiffs, but plaintiffs refused to accept said tender of property.

" . . . . . . . . . . .
"That the defendants in this action offered as evidence the fact that the market value at the time of said sale and the present market value of said property is no higher than $40,000.00, but that the trial Court rejected said evidence as being immaterial."

judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, . . . given to the vendor to secure payment of the balance of the purchase price of real property, . . .''

It is to be noted that section 580b was amended in 1935 to extend the scope of the anti-deficiency statute to include contracts of sale. It is stated in California Land Security and Development (Continuing Education of the Bar) at page 402 that ''This expansion of C.C.P. § 580b to include land contracts in addition to purchase-money mortgages and deeds of trust was dictated by the appreciation that land contracts which provide for deferred payment or payments of the purchase price, and which postpone the duty to convey until a part or the whole of the purchase price has been paid, in effect transform the vendor's title into a security interest for purchase money. Hence it appeared only fair and equitable to place all purchase-money security on an equal footing.''

The single question for this court to decide is whether a judgment for past due installment payments under an agreement for sale of real estate as herein set forth is within the scope of a deficiency decree and thus barred by section 580b, Code of Civil Procedure.

██ If the section is to apply to the instant case, it must appear that the agreement in question is a security device and not just a preliminary contract to sell the land. ██ In the strictest sense of the word, the ordinary land sales contract is not a security device. The vendor, in most instances, is not loaning money to the vendee and receiving a lien on the property as security, as is ordinarily the case with a trust deed or mortgage. However, it does appear to be well settled that ''. . . a contract for the sale of land in return for installment payments, title to be retained by the vendor until all or a large part of the purchase price is paid, *serves the function of a security device,* similar to a mortgage. *The transaction is so similar to a purchase money mortgage that the consequences attributed to such a deal are substantially identical with those characteristic of a mortgage relation.*'' (3 Powell, Real Property, § 450, p. 586 (1952).) (Italics added.)

██ Although there seems to be no clear-cut test for determining when an earnest money contract becomes a security device, the test should be one of intent, which may be evidenced by such factors as the length of time the contract is to run, change in possession of the property, the

number of installments to be made under the contract, the per cent payable under the contract contrasted to other financing methods which may be involved.

Upon the execution of the contract in question, the vendees were to take possession of the property and monthly payments of $575 were to be made by the vendees to the vendors. $145 of this monthly payment was to be applied to the principal amount of $10,000 and when $10,000 had been accumulated, the parties would enter into an escrow and complete the sale. Thus, it appears the parties intended in fact that this instrument would operate as a security device.

There is another question which must be determined, namely, whether section 580b should apply to a contract of sale where there has been no prior sale. As authority for the application of section 580b to this fact situation, appellants rely upon *Brown* v. *Jensen,* 41 Cal.2d 193 [259 P.2d 425]. In the *Brown* case the court held that a junior purchase money encumbrance was barred by section 580b to sue on a second trust deed note, notwithstanding the fact that the security of the encumbrance had been exhausted by a foreclosure of the prior encumbrance. The court, at page 198, stated, the purpose of 580b "is that '. . . for a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt.'" And this result follows whether there has been "a sale under the power of sale or sale under foreclosure, or no sale because the security has become valueless or is exhausted. The purpose of the 'after sale' reference in the section is that the security be exhausted and that result follows after a sale under the first trust deed."

The specific purposes underlying section 580b have been set forth in *Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]. They were summarized in *Bargioni* v. *Hill,* 59 Cal.2d 121, where the court said at page 123 [28 Cal.Rptr. 321, 378 P.2d 593]: "The purposes are to discourage land sales that are unsound because the land is overvalued and, in the event of a depression in land values, to prevent the aggravation of the downturn that would result if defaulting purchasers lost the land and were burdened with personal liability." And in *Heckes* v. *Sapp,* 229 Cal. App.2d 549, 552 [40 Cal.Rptr. 485], the court stated that "The major purpose, . . . [of this section] is to prevent aggravation of the downturn in depression times."

*Brown, supra,* states a deficiency judgment "is nothing more than the difference between the security and the debt, . . ." (P. 198.)

Thus, when the vendor under a security-type contract for the sale of land receives a personal money judgment against the vendee for breach of this contract without first going against the security, he is, in effect, receiving a deficiency judgment. Since only the land can be called upon to satisfy the debt, under *Brown,* the fact that there has not been a prior sale is of no moment. It should also be noted that to allow the vendor to recover this judgment places him in a better position than under a trust deed or mortgage. It would allow him to recover a personal judgment and retain title to the land. This would accomplish the exact result which *Heckes* states the statute was designed to prevent.

Thus, in the light of *Brown, supra,* 41 Cal.2d 193, this court is forced to hold that where a contract for the sale of land is used as a security device, a defaulting vendee is not subject to any personal liability which would be in the nature of a deficiency judgment.

The strong policy of protecting the public is further evidenced by the fact that the provisions of this section may not be waived in advance by the debtor and any such waiver will be of no force and effect. (*Freedland* v. *Greco,* 45 Cal.2d 462, 467 [289 P.2d 463] ; *Riddle* v. *Lushing,* 203 Cal.App.2d 831, 835 [21 Cal.Rptr. 902].)

The respondent has relied upon *Goldsworthy* v. *Dobbins,* 110 Cal.App.2d 802 [243 P.2d 883] in support of the trial court's judgment. This case is not in point. The court in the *Goldsworthy* case found that the transaction was one for *cash and not a credit type sale.* The plaintiff, Goldsworthy, was the vendor, but was not receiving any security under the terms of the contract. There were existing trust deeds which defendant, vendee, agreed to assume. No such finding of a cash sale was made by the court in the case at bar.

Under the circumstances, as above set forth, the judgment is reversed.

Wood, P. J., and Lillie, J. concurred.