700 F.2d 476
 HERSCH AND COMPANY, a California partnership,
Plaintiff-Counterclaimant-Defendant-Appellant,
v.
C AND W MANHATTAN ASSOCIATES, a Texas Limited Partnership,
Defendant-Counterclaimant-Appellee.
 No. 81-5778.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 4, 1982.
Decided Dec. 30, 1982.
As Amended Feb. 28, 1983.
 
 Melvin H. Malat, Malat, Lans & Malat, Beverly Hills, Cal., for plaintiff-counterclaimant-defendant-appellant.
 David W. Steuber, argued, Paul, Hastings & Janofsky, Los Angeles, Cal., for defendant-counterclaimant-appellee.
 Appeal from the United States District Court For the Central District of California.
 Before SCHROEDER and NORRIS, Circuit Judges, and THOMPSON,* District Judge.
 NORRIS, Circuit Judge:
 
 
 1
 This diversity action turns on questions of California real property law. The district court denied the claim of Hersch and Company (Hersch), the buyer, for rescission of a contract for the sale of land and awarded C & W Manhattan Associates (C & W), the seller, a judgment in the amount due on the notes secured by the demised property. C & W as the prevailing party, was also awarded attorneys' fees and costs. We affirm the denial of rescission, reverse the judgment on the notes, and remand for reconsideration of the question of attorneys' fees and costs.
 
 
 2
 * In December 1976, Hersch, a California partnership, entered into agreements to buy three parcels of commercially zoned property located in Iowa, New Mexico, and Missouri which had been offered for sale by C & W, a Texas limited partnership. Each parcel adjoined a K-Mart store and each purchase agreement depended in part on C & W's ensuring that existing cross-parking agreements, which would allow the adjoining businesses to be developed to use the K-Mart parking lot, were included with delivery of title to the land. Each transaction also included a substantial down payment and a one-year promissory note secured by a purchase money mortgage or deed of trust given C & W by Hersch.
 
 
 3
 During 1977 and 1978, Hersch experienced financial problems caused by difficulty in locating tenants for the parcels. In December 1977, it received a one-year extension on the notes secured by the Iowa and New Mexico properties after paying interest on those notes and paying off the note secured by the Missouri property.
 
 
 4
 On February 19, 1979, C & W sent Hersch a letter demanding full payment on the promissory notes. On February 23, 1979, Hersch wrote back seeking rescission of the purchase agreements, claiming that C & W had failed to comply with documentation provisions of the agreements and had fraudulently misrepresented the existence of the cross-parking agreements.
 
 
 5
 Hersch sued for rescission and C & W counterclaimed for unpaid principal and interest on the promissory notes plus attorney fees and costs. Following a non-jury trial, the district court found that Hersch could not rescind the agreements because it had elected to affirm them, Hersch and Co. v. C and W Associates, No. CV 79-1183, slip op. at 7 (C.D.Cal. Aug. 5, 1981), and that it had failed to prove fraud. The district court entered judgment dismissing Hersch's complaint with prejudice and awarding C & W a judgment on its counterclaim.
 
 II
 
 6
 The New Mexico and Iowa agreements have provisions requiring interpretation of their terms in accordance with California law. Hersch argues that the money judgment the district court awarded C & W is an impermissible deficiency judgment under California Code of Civil Procedure Sec. 580b.[1]
 
 
 7
 C & W contends that Sec. 580b is inapplicable because it did not proceed against the property and thus no "sale of real property" has occurred. Hersch counters that no prior sale is required under Sec. 580b, citing Brown v. Jensen, 41 Cal.2d 193, 259 P.2d 425 (1953). In Brown, the plaintiff held a second trust deed on the property. The property was "sold under foreclosure" of the first trust deed prior to initiation of the plaintiff's suit, and plaintiff had made no effort to buy the property at sale to protect her second trust deed. Id. at 195, 259 P.2d 425. Plaintiff argued on appeal that she was entitled to judgment because she had not initiated the sale. The court reasoned that those holding a purchase money trust deed created at the time of the property's purchase could look only to that property for security. The court construed Sec. 580b to apply "after an actual sale or a situation where a sale would be an idle act, where, as here the security has been exhausted." Id. at 197-98, 259 P.2d 425. Furthermore, the court declared that "for a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt." Id. at 198, 259 P.2d 425, (quoting Mortgage Guarantee Co. v. Sampsell, 51 Cal.App.2d 180, 185, 124 P.2d 353 (1942)).
 
 
 8
 C & W attempts to distinguish Brown, arguing that unlike the situation in the instant case, there was a prior sale in Brown. C & W's argument is answered, however, by Venable v. Harmon, 233 Cal.App.2d 297, 43 Cal.Rptr. 490 (1965), where a seller filed a complaint for breach of contract seeking as damages the monthly payments past due. The court in Venable held that:
 
 
 9
 Since only the land can be called upon to satisfy the debt, under Brown, the fact there has not been a prior sale is of no moment .... [Therefore], where a contract for the sale of land is used as a security device, a defaulting vendee is not subject to any personal liability which would be in the nature of a deficiency judgment.
 
 
 10
 Id. at 302, 43 Cal.Rptr. 490 (emphasis added).
 
 
 11
 As Venable is not distinguishable on its facts from the instant case, it is controlling authority that Sec. 580b applies notwithstanding the absence of a prior sale.[2] Thus, the district court erred in awarding C & W a money judgment.[3]III
 
 
 12
 The trial court's finding that Hersch waived its contractual right to rescind is amply supported by the evidence produced at trial. Therefore, the findings are not clearly erroneous and satisfy Federal Rule of Civil Procedure 52(a). See South-Western Publishing Co. v. Simons, 651 F.2d 653, 656 (9th Cir.1981). Hersch's own agent, Mr. Hal Wiseman, testified that before leaving his position involving the property in dispute, he asked Hersch if he needed any documentation. He was told "No." Wiseman's testimony regarded statements made some fifteen months prior to the attempted rescission by Hersch. Further, the trial record clearly shows that Hersch proceeded to market its planned development though it lacked such documentation. Moreover, the record shows Hersch made no written requests of C & W after April, 1977, to furnish and deliver additional documentation in connection with either of the sites. Hersch and Co. v. C and W Associates, No. CV 79-1183, slip op. (C.D.Cal. Aug. 5, 1981). Finally, Hersch solicited tenants for the sites as though it fully intended to develop them. This type of activity is hardly consistent with Hersch's contention that it was contemplating rescinding its contract with C & W prior to February 19, 1979. Accordingly, we hold that the district court's finding that Hersch waived its express right to rescind was not clearly erroneous.
 
 IV
 
 13
 Hersch additionally claims that the district court erred in dismissing its complaint with prejudice because "there were no separate findings as to Rule 41(b), as required by Rule 52." There is no merit to this claim. Although the district court's Memorandum of Decision and Order contains no findings relating to Hersch's first and third claims based upon fraud, the reporter's transcript clearly shows the district court's findings and reasoning for granting C & W's motion to dismiss. The omission is harmless. The failure to make an express finding of fact by the district court is not fatal "if a complete understanding of the issues may be had without the aid of separate findings." South-Western Publishing Co. v. Simons, 651 F.2d 653, 656 n. 2 (9th Cir.1981), (quoting Swanson v. Levy, 509 F.2d 859, 861 (9th Cir.1975)). Thus, we hold that the district court did not err when it granted C & W's motion for dismissal pursuant to Rule 41(b).
 
 
 14
 The judgment dismissing Hersch's complaint with prejudice is AFFIRMED, and the judgment awarding C & W recovery on the notes is REVERSED. We vacate the judgment awarding C & W attorneys' fees and costs and remand to the district court for reconsideration of the question of attorneys' fees and costs in light of this opinion.
 
 
 
 *
 The Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 Section 580b provides in relevant part: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale." Cal.Civ.Proc.Code Sec. 580b (West 1976) (emphasis added)
 
 
 [2]
 As C & W concedes (Appellee's Brief at 33), the application of Sec. 580b is not limited to judgments derived from property located in California. Younker v. Reseda Manor, 255 Cal.App.2d 431, 63 Cal.Rptr. 197 (1967)
 
 
 [3]
 Hersch also argues that California Code of Civil Procedure Sec. 726, which requires one form of action to recover any debt or enforcement of any right secured by a mortgage or trust deed, bars C & W's counterclaims. Section 726, however, is limited in its effect to property located in California. Felton v. West, 102 Cal. 266, 36 P. 676 (1894)