2017 ND 127

Craig and Barbara SORENSON, Plaintiffs and Appellees

v.

BAKKEN INVESTMENTS LLC, Creeping Cedar Oil, LLC, XTO Energy, Inc., Black Stone Minerals Co., LP, Pierce Exploration and Production Corp., Emile-Jean, Baesch-Muller, Ann-Marie Kienz Baesch, Milton S. Olson, Palmer and Doris Norby, Donald Karst, Wendell and Carole Tasker, Neal "Tuke" P. Burgess as Personal Representative for the Estate of Alan D. Burgess, Neal Burgess, Claire and Lois Bjorgen, William R. Anderson, LEAF Minerals, LLC, Ryan Masset, Peter Masset, Tricia Steffan, Kristi Anseth, Jay Anseth, Siri Njos, Avalon North, LLC, Red Rhino Resources, LLC, Dakota West Energy, Stallings Properties Ltd., Joe Gieb III, Sara Gieb, Peggy Helphrey, Wayne Sorenson, Richard Cernosek, Sacred Heart Church, Cyrill Kallus, Elizabeth Kallus, Marilyn Kallus Kothmann, Mike Kulhanek, Harry Mazurkiewicz, Joseph Hild, Gus Lindemann, David Machala, Kenneth Stevenson, William Everett, Danny Gumm, Randy Gumm, Bryan Gumm, Bakken Oil, LLC, Sundance Oil and Gas, LLC, Albert Frisch, Stallings Properties, LTD, Madeline Frisch, Miriam Philippe-Reuter, Marie Louise Frisch, Continental Resources, Inc., Newfield Production Co., Ashley Resources, Inc.,

Kodiak Oil and Gas, North Plains Energy, LLC, Maitre Fabienne Mondot, Theresa Pryor, and persons unknown claiming any estate or interest in, or lien or encumbrance upon, the mineral acres described in the complaint, Defendants

and

William Everett, Sara A. Gieb, Marilyn Kallus Kothmann, Elizabeth A. Kallus, Richard Cernosek, Bryan Gumm, Randy Gumm, Gus F. Lindemann, David F. Machala, Joe Gieb III, Stallings Properties Ltd., Joseph C. Hild, Mike Kulhanek, Kenneth Stevenson, and Harry Mazurkiewicz, Defendants and Appellants

No. 20160319

Supreme Court of North Dakota.

Filed 5/18/2017

Joshua A. Swanson, Fargo, N.D., for plaintiffs and appellees.

Shea A. Thomas (argued) and Nathan M. Bouray (appeared), Dickinson, N.D., for defendants and appellants.

Tufte, Justice.

[¶ 1] William Everett and 14 others (collectively "Everett defendants") appeal from a judgment quieting title to certain McKenzie County mineral interests in Craig and Barbara Sorenson against the

Everett defendants. We affirm because collateral estoppel bars the Everett defendants' arguments in this case.

## I

[¶ 2] In 2010 the Sorensons sued the Everett defendants and others to quiet title to certain mineral interests, claiming they had succeeded to ownership of those interests because the interests were abandoned under the Termination of Mineral Interest Act, N.D.C.C. ch. 38–18.1. The Everett defendants each filed stipulations to dismiss the quiet title action against them with prejudice because "they have no financial or ownership interest" in the minerals at issue. Judgments against the Everett defendants were subsequently entered stating they are "hereby adjudicated to have no claim in the property at issue in Plaintiffs' Complaint pursuant to the parties['] Stipulations," and dismissing them from the quiet title action with prejudice. The district court then granted the remaining defendants summary judgment dismissal of the quiet title action because the Sorensons had not complied with the notice provisions of N.D.C.C. ch. 38–18.1 and the minerals had been "used" within the relevant time period.

[¶ 3] In 2012 the Sorensons commenced another quiet title action against the same defendants claiming entitlement to the same minerals because those interests were abandoned under N.D.C.C. ch. 38–18.1. In July 2015 a partial judgment was entered based on a stipulation between the Sorensons and the defendants other than the Everett defendants resolving various issues about mineral ownership. On November 20, 2015, the Everett defendants moved for summary judgment dismissal of the Sorensons' 2012 quiet title action. The Everett defendants argued they were not represented by counsel during the 2010 quiet title proceedings, they "mistakenly

stipulat[ed] to entry of a judgment entered against them that disclaimed ownership of the mineral interests," and the "incorrect Stipulations" did not make the Sorensons "the owners of these minerals."

[¶ 4] On January 26, 2016, the Everett defendants filed a N.D.R.Civ.P. 60(b) motion in the 2010 case to vacate the stipulated judgments because the judgments were based on the "mistaken belief" that they "did not own a portion of the mineral interests at issue." On January 29, 2016, the district court in the 2012 litigation granted the Sorensons' cross-motion for summary judgment and quieted title in favor of them against the Everett defendants. The court ruled the Everett defendants' lack of counsel when they entered into the stipulations disclaiming any interests they may have had in the minerals was "not grounds for invalidating the valid and binding Judgments." On February 24, 2016, the court entered an order in the 2010 case denying the Everett defendants' N.D.R.Civ.P. 60(b) motion to vacate the stipulated judgments because the motion was untimely and the Everett defendants' "mistaken belief they had no interest in the minerals at issue is not a sufficient reason for disturbing final judgment." The court denied the Everett defendants' motion for reconsideration of the judgment in the 2012 litigation, and the Everett defendants appeal only from that judgment.

## II

[¶ 5] The Everett defendants argue the district court erred in granting summary judgment quieting title in the Sorensons because the judgments in the 2010 litigation did not convey the minerals to the Sorensons and the Sorensons failed to provide sufficient evidence that they complied with the lapsed mineral procedures in N.D.C.C. ch. 38–18.1.

[¶ 6] Our standard for reviewing summary judgments is well-established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Hamilton, v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (citation omitted).

[¶ 7] The Sorensons argue that the issues raised by the Everett defendants on appeal were not raised in the district court and should not be considered here because "[i]t is well-settled that issues not raised in the district court may not be raised for the first time on appeal." *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746. The only argument addressed by the district court was whether the Everett defendants could be relieved from the stipulated 2010 judgments because they were not represented by counsel and did not fully understand the consequences of their stipulations. The court correctly rejected this argument. "When a settlement agreement is merged into a judgment, the agreement is interpreted and enforced as a final judgment and not as a separate contract between the parties." *Silbernagel v. Silbernagel*, 2011 ND 140, ¶ 11, 800 N.W.2d 320. "A party may not collaterally attack a final decision, that was not appealed, in subsequent proceedings." *Interest of T.H.*, 2012 ND 38, ¶ 20, 812 N.W.2d 373; *see also State ex rel. Rayl v. Hettinger County*, 467 N.W.2d 98, 100 (N.D. 1991). The Everett defendants' remedy was to move for relief from the stipulated 2010 judgments under N.D.R.Civ.P. 60(b). *See Silbernagel v. Silbernagel*, 2006 ND 235, ¶ 2, 725 N.W.2d 588. Their request for Rule 60(b) relief was denied, and they did not appeal that decision. Consequently, they are bound by the judgments entered in the 2010 litigation.

[¶ 8] The Everett defendants also argued to the district court that their "incorrect Stipulations" did not make the Sorensons "the owners of these minerals," making the quiet title determination inappropriate for summary judgment. However, this is a quiet title action and N.D.C.C. § 32–17–01 provides in part:

An action may be maintained by any person having an estate or an interest in, or lien or encumbrance upon, real property, ... against any person claiming an estate or interest in, or lien or encumbrance upon, the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance.

The statute "authorizes a person with an interest in real property to bring a quiet title action against any other person claiming an interest in the property to determine adverse claims." *Dennison v. North Dakota Department of Human Services*, 2002 ND 39, ¶ 15, 640 N.W.2d 447; *see also Sabot v. Fox*, 272 N.W.2d 280, 283 (N.D.

1978). Only a person having an interest in, or claiming an interest in, real property may challenge a court's rulings in a quiet title action. *See Nelson v. McAlester Fuel Co.*, 2017 ND 49, ¶ 25, 891 N.W.2d 126; *Finstad v. Gord*, 2014 ND 72, ¶ 24, 844 N.W.2d 913; *Gajewski v. Bratcher*, 221 N.W.2d 614, 638 (N.D. 1974); *see also Finstad v. Beresford Bancorporation, Inc.*, 831 F.3d 1009, 1013–14 (8th Cir. 2016) (applying North Dakota law). The Everett defendants do not have an interest, nor can they claim an interest, in the subject minerals because they expressly disclaimed any interests in the property in their stipulations, and the resulting judgments stated they "have no claim in the property at issue." The Everett defendants are bound by the final judgments in the 2010 litigation, *see generally Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 384 (N.D. 1992), and therefore possess no interest a court could protect in this proceeding. *See Gajewski*, at 638. The Everett defendants cannot collaterally attack the prior judgments to claim an interest in the property and challenge the court's rulings in the 2012 quiet title litigation.

[¶ 9] Whether collateral estoppel applies is a question of law. *See Holkesvig v. Grove*, 2014 ND 57, ¶ 11, 844 N.W.2d 557. We conclude the district court did not err in granting summary judgment as a matter of law quieting title to the mineral interests in the Sorensons against the Everett defendants.

### III

[¶ 10] It is unnecessary to address other issues raised. The judgment is affirmed.

[¶ 11] Jerod E. Tufte

Daniel J. Crothers

William A. Neumann, S.J.

Benny A. Graff, S.J.

Lisa Fair McEvers, Acting C.J.

[¶ 12] The Honorable William A. Neumann, S.J., and the Honorable Benny A. Graff, S.J., sitting in place of Kapsner, J., and VandeWalle, C.J., disqualified.