2017 ND 259

**Douglas CANDEE and Lyla Candee, Plaintiffs and Appellees**

v.

**Keith CANDEE, Defendant and Appellant**

No. 20170028

Supreme Court of North Dakota.

Filed 11/16/2017

Nathan M. Bouray, Dickinson, N.D., for plaintiffs and appellees.

Monte L. Rogneby, Bismarck, N.D., for defendant and appellant.

Tufte, Justice.

[¶1] Keith Candee appeals from a summary judgment granted to his parents, Lyla and Douglas Candee, awarding them an $884,508.83 deficiency judgment following foreclosure of properties in California and North Dakota. We reverse and remand, concluding California law bars a deficiency judgment in this case as a matter of law.

I

[¶2] Keith Candee and Lyla and Douglas Candee executed a settlement agreement and mutual release of claims in 2013 relating to earlier disputes between the parties about the management of their family assets. Under the settlement agreement, Keith Candee agreed to pay $2.2 million to Lyla and Douglas Candee. The $2.2 million settlement amount was secured by real property in California and North Dakota. A deed of trust in favor of Lyla and Douglas Candee secured the California property, and a mortgage secured the property in North Dakota. The deed of trust securing the California property included a power of sale provision allowing Lyla and Douglas Candee to foreclose the property in a nonjudicial manner via a trustee's sale.

[¶3] The agreement provided that upon default, Lyla and Douglas Candee would foreclose the California property first. The North Dakota property would be foreclosed upon if the proceeds from the foreclo-

sure of the California property were insufficient. The agreement also provided that California law would apply to foreclosure and deficiency judgment proceedings, to the extent applicable.

[¶4] After Keith Candee failed to make payments under the settlement agreement, Lyla and Douglas Candee foreclosed the California property. They proceeded with a nonjudicial foreclosure and in January 2014 purchased the property at a trustee's sale for a credit bid of $200,000. Lyla and Douglas Candee foreclosed the North Dakota property and purchased the property for $975,000 at a July 2015 sheriff's sale.

[¶5] In September 2015, Lyla and Douglas Candee sued Keith Candee in North Dakota for a deficiency judgment for the difference between the amount Keith Candee owed under the settlement agreement and the amount Lyla and Douglas Candee obtained through foreclosure of the California and North Dakota properties. Keith Candee argued a deficiency judgment was not available under the agreement because California law applied and a deficiency judgment was prohibited under California law. The district court concluded California law applied only to the California property and granted summary judgment to Lyla and Douglas Candee. The court entered an $884,508.83 deficiency judgment against Keith Candee.

## II

[¶6] Keith Candee argues the district court erred in awarding Lyla and Douglas Candee a deficiency judgment. He argues the California anti-deficiency statutes apply to the settlement agreement, and those statutes bar a deficiency judgment in this case.

[¶7] Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from the facts, or if the only issues to be resolved are questions of law. *Sorenson v. Bakken Invs., LLC,* 2017 ND 127, ¶ 6, 895 N.W.2d 302. In determining whether the district court properly granted summary judgment, we view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences that can reasonably be drawn from the record. *Id.* Summary judgment is a question of law which we review de novo on the entire record. *Id.*

### A

[¶8] Section 5 of the settlement agreement states, in relevant part:

> In the event of any uncured default by Defendants under this Agreement, Plaintiffs agree that the Deed of Trust on the [California] Property will be foreclosed upon first, as the primary security, and the Real Estate Mortgage on the North Dakota Property will be foreclosed upon, as the secondary security, only if the proceeds from the foreclosure of the [California] Property are insufficient to satisfy the amounts due under this Agreement .... The Parties agree to comply with the California "one-form-of-action" rule and the California anti-deficiency and fair value statutes in connection with any such foreclosure proceedings, to the extent applicable.

Additionally, Section 19.1 of the agreement states, "This Agreement shall, in all respects, be governed by the laws of the State of California applicable to agreements executed and to be wholly performed within California; provided, however, that for purposes of state tax laws only, North Dakota's tax laws apply to the sums paid hereunder."

[¶9] The "one-form-of-action" rule in California is Cal. Civ. Proc. Code § 726. Under that rule, "[t]he one form of action is a foreclosure action, in which the creditor must first exhaust the security before seeking any monetary judgment for the deficiency." *Bank of Am., N.A. v. Roberts*, 217 Cal.App.4th 1386, 159 Cal.Rptr.3d 345, 353 (2013) (citations omitted). California's anti-deficiency statutes are Cal. Civ. Proc. Code §§ 580a, 580b, and 580d. Under California law, deficiency judgments are prohibited under certain circumstances:

> A deficiency judgment is permissible in this state, but limited in two ways. First, there can be no deficiency when the trustee sells the real property under a power of sale contained in the mortgage or deed of trust. (Code Civ. Proc., § 580d.) Second, as a general rule, there can be no deficiency judgment on foreclosure of a purchase-money mortgage or trust deed. (Code Civ. Proc., § 580b.) ... Deficiency judgments are only statutorily limited and are not inherently objectionable, as such judgments are not a threat to the moral or ethical standards of the citizens of this state.

*United Bank of Denver v. K & W Trucking Co.*, 147 Cal.App.3d 217, 195 Cal.Rptr. 49, 52 (1983).

[¶10] This Court has applied another state's laws on the basis of the parties' choice of law in their agreement. *See Snortland v. Larson*, 364 N.W.2d 67, 69 (N.D. 1985) ("[B]ecause the parties have chosen Minnesota as the state of the applicable law, we ... will apply the substantive law of Minnesota to this case."); *Am. Hardware Mut. Ins. Co. v. Dairyland Ins. Co.*, 304 N.W.2d 687, 689 n.1 (N.D. 1981) (noting that "[p]arties may stipulate as to choice of law").

[¶11] Although the parties agreed to apply California law to the settlement agreement, the district court concluded California law did not apply to Lyla and Douglas Candee's North Dakota deficiency action. In deciding California law did not apply, the district court discussed two cases, *Hersch & Co. v. C & W Manhattan Assocs.*, 700 F.2d 476 (9th Cir. 1982), and *Martin v. Midgett*, 100 Ariz. 284, 413 P.2d 754 (1966):

> According to *Hersch* and *Martin*, California's procedural laws regarding one form of action and deficiency actions apply only to cases in California courts and to California property. Since this case is being litigated in North Dakota and involves North Dakota real property, the Court will not apply California procedural law. As such, the Court turns to North Dakota law on foreclosure and deficiency judgments.

[¶12] The district court erred in its analysis of *Martin* and *Hersch*. In *Hersch*, the court stated Cal. Civ. Proc. Code § 726, the one-form-of-action rule, is limited in its effect to property located in California. 700 F.2d at 478 n.3 (citing *Felton v. West*, 102 Cal. 266, 36 P. 676 (1894)). The court also stated, however, that the application of Cal. Civ. Proc. Code § 580b, the anti-deficiency statute involved in that case, "is not limited to judgments derived from property located in California." *Hersch*, at 478 n.2 (citing *Younker v. Reseda Manor*, 255 Cal. App.2d 431, 63 Cal.Rptr. 197 (1967)).

[¶13] In *Martin*, 413 P.2d at 757, the Arizona Supreme Court stated in dicta that Cal. Civ. Proc. Code § 580b is "procedural only." One year later, in *Catchpole v. Narramore*, 102 Ariz. 248, 428 P.2d 105, 107–08 (1967), the court held Cal. Civ. Proc. Code § 580b "affects a substantive right—that of the seller to recoup the balance due on the purchase price of real property." "The statute does not simply govern applicable procedures; it obliterates the debtor's liability." *Id.* at 108. "Arizona is bound by the interpretation given by the

California courts to California laws." *Id.* See also *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 841 P.2d 198, 204 (1992) (holding companion Cal. Civ. Proc. Code § 580d barred a deficiency judgment following nonjudicial foreclosure of Arizona property because California law governed note).

[¶14] Other courts have also held a deficiency judgment is a matter of substantive law and have applied a different state's deficiency laws in an action for a deficiency judgment following foreclosure. *See Citibank v. Errico*, 251 N.J.Super. 236, 597 A.2d 1091, 1095 (Ct. App. Div. 1991) (court applied New York deficiency laws in New Jersey deficiency action following foreclosure of New Jersey property where parties agreed to apply New York deficiency laws under the choice of law provisions in the agreements); *Gate City Fed. Sav. & Loan Ass'n v. O'Connor*, 410 N.W.2d 448, 450–51 (Minn. Ct. App. 1987) (court held deficiency judgments are matters of substantive law and applied North Dakota's deficiency laws under conflict of laws analysis).

[¶15] The parties agreed in the settlement agreement to comply with the California one-form-of-action rule and anti-deficiency statutes in relation to any foreclosure proceedings, to the extent applicable. Although California's procedural one-form-of-action rule applies only to California property, California's substantive anti-deficiency statutes may apply outside of California under a valid choice of law provision. We conclude the district court erred in failing to apply California's anti-deficiency statutes to Lyla and Douglas Candee's action for a deficiency judgment against Keith Candee.

**B**

[¶16] Having concluded the district court erred in failing to apply California's anti-deficiency statutes, we must now decide whether Lyla and Douglas Candee are entitled to a deficiency judgment under California law.

[¶17] Section 580a, Cal. Civ. Proc. Code, relating to an action for a deficiency judgment after foreclosure or trustee's sale, provides in relevant part:

Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, the plaintiff shall set forth in his or her complaint the entire amount of the indebtedness which was secured by the deed of trust or mortgage at the time of sale, the amount for which the real property or interest therein was sold and the fair market value thereof at the date of sale and the date of that sale. .... Before rendering any judgment the court shall find the fair market value of the real property, or interest therein sold, at the time of sale. The court may render judgment for not more than the amount by which the entire amount of the indebtedness due at the time of sale exceeded the fair market value of the real property or interest therein sold at the time of sale with interest thereon from the date of the sale; provided, however, that in no event shall the amount of the judgment, exclusive of interest after the date of sale, exceed the difference between the amount for which the property was sold and the entire amount of the indebtedness secured by the deed of trust or mortgage. Any such action must be brought within three months of the time of sale under the deed of trust or mortgage.

(Emphasis added.)

[¶18] Here, Lyla and Douglas Candee exercised the power of sale under the deed

of trust and purchased the California property at a nonjudicial trustee's sale in January 2014. The Summons and Complaint were served in this action for deficiency judgment on September 30, 2015, well beyond the three-month limitation provided in § 580a. *See Coppola v. Superior Court*, 211 Cal.App.3d 848, 259 Cal.Rptr. 811, 818 n.8 (1989) (Cal. Civ. Proc. Code § 580a provides a "three-month limitation period for bringing [a deficiency judgment] action following a nonjudicial foreclosure sale"). Therefore, under the parties' settlement agreement applying California law, Lyla and Douglas Candee are barred from obtaining a deficiency judgment against Keith Candee. We reverse the judgment and remand with directions to enter a judgment dismissing Lyla and Douglas Candee's complaint.

### III

[¶19] We have considered the parties' remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is reversed and remanded.

[¶20] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

VandeWalle, Chief Justice, concurring specially.

[¶21] I reluctantly concur in the result reached by the majority opinion. Foreclosure by action of a mortgage on real estate is in the nature of an action in rem and would appear to be governed by the laws of the state in which the real estate is situated. Thus my reluctance to concur in the result reached by the majority opinion centers on the precedent apparently established by the choice-of-law issue. For example, can a lender, as a condition of giving a loan, require a hapless borrower to agree, through a choice-of-law provision in a mortgage agreement, to forego the anti-deficiency protections of the North Dakota statutes, ch. 32–19 of the North Dakota Century Code, in favor of an unrelated jurisdiction that has no such protections against deficiency judgments? If so, might such a contract be void as against the public policy of North Dakota? These concerns are not the issues raised in this case but, to the extent the majority opinion relies primarily on the choice of laws for its result, I am concerned.

[¶22] Nevertheless, the facts of this case do not involve the scenario I outline above; rather, the plaintiffs seek to avoid the protections given the mortgagor by the California statutes on the California property by seeking a deficiency judgment on the North Dakota property covered by the mortgage. Thus, to the extent a mortgage foreclosure sounds in equity perhaps the more equitable result would be to reverse and remand to require the court to find the fair market value of the California property at the time of sale and to render a deficiency judgment only if the proceeds of that property and the North Dakota property are insufficient to satisfy the mortgage. I recognize the time limitations in the California statutes in which such action must be taken in order to obtain a deficiency judgment. While I question whether or not those statutes govern an in rem foreclosure on the North Dakota property, under the circumstances of this case I concur in the result reached in the majority opinion.

[¶23] Gerald W. VandeWalle, C.J.