# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 94

Douglas Candee and Lyla Candee,

Plaintiffs and Appellees

v.

Keith Candee,

Defendant and Appellant

No. 20180246

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Nathan M. Bouray, Dickinson, ND, for plaintiffs and appellees.

Monte L. Rogneby, Bismarck, ND, for defendant and appellant.

**Candee v. Candee**

**No. 20180246**

**Crothers, Justice.**

[¶1]    Keith Candee appeals from an order entered on remand denying his motion for contractual attorney fees and costs.  Because the parties' settlement agreement and mutual release of claims is not "evidence of debt" under N.D.C.C. § 28-26-04, the district court misapplied the law in holding the parties' contractual provision providing for attorney fees was against public policy and void.  The court abused its discretion in its decision denying his motion for attorney fees and we reverse and remand for further proceedings.

I

[¶2]    This appeal involves the continued litigation between Keith Candee and his parents, Douglas and Lyla Candee.  Relevant facts are set forth in *Candee v. Candee*, 2017 ND 259, 903 N.W.2d 514, and we will not repeat them except as necessary to assist in resolving the issues in this appeal.

[¶3]    In *Candee*, 2017 ND 259, ¶¶ 15, 18, 903 N.W.2d 514, this Court held that California law applied to the dispute under the parties' 2013 settlement agreement and mutual release of claims (collectively referred to as the settlement agreement) and that Douglas and Lyla Candee were not entitled to a deficiency judgment against Keith Candee after the foreclosure of California and North Dakota properties.  We reversed and remanded for the district court to enter a judgment dismissing Lyla and Douglas Candee's complaint.  *Id.* at ¶¶ 18-19.

[¶4]    On remand, the district court entered judgment in Keith Candee's favor, dismissing Douglas and Lyla Candee's complaint.  The court also considered Keith Candee's motion seeking attorney fees under the parties' settlement agreement.  Paragraph 15 of the settlement agreement states:

> "<u>Attorneys' Fees</u>.  In the event of any litigation between the Parties hereto, including any appeals arising out of, in connection with or in

1

any way related to this Agreement, the prevailing party shall recover all of its costs in connection therewith, including, without limitation, its attorneys' fees, consultant and expert witness fees, court costs, and any other related expenses."

[¶5] Douglas and Lyla Candee responded and objected to Keith Candee's attorney fee request. After a hearing, the district court entered its order denying his motion. The court refused to award attorney fees under the settlement agreement, holding the agreement's provision allowing for recovery of attorney fees was against public policy and void under N.D.C.C. § 28-26-04.

II

[¶6] The dispositive issue is whether the parties' settlement agreement constitutes "evidence of debt," precluding enforcement of the agreement's attorney fee provision. *See* N.D.C.C. § 28-26-04.

[¶7] "Absent statutory or contractual authority, the American Rule assumes parties to a lawsuit bear their own attorney fees." *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 19, 879 N.W.2d 423 (quoting *H-T Enters. v. Antelope Creek Bison Ranch*, 2005 ND 71, ¶ 15, 694 N.W.2d 691). Parties generally are free to enter into an agreement for payment of attorney fees in a civil action. *See* N.D.C.C. § 28-26-01(1). Notwithstanding a contractual provision allowing recovery, attorney fee provisions in debt instruments are void under N.D.C.C. § 28-26-04. That section provides:

> "Any provision contained in any note, bond, mortgage, security agreement, or other *evidence of debt* for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or *evidence of debt*, or to foreclose such mortgage or security agreement, is against public policy and void."

N.D.C.C. § 28-26-04 (emphasis added); *see also Farmers Union Oil Co. v. Maixner*, 376 N.W.2d 43, 48 (N.D. 1985) (stating "attorneys' fees can be awarded if agreed by the parties, either expressly or impliedly, [but] such an agreement is limited by Section 28-26-04.").

2

[¶8] This Court will not set aside a district court's decision regarding attorney fees absent an abuse of discretion. *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶ 5, 628 N.W.2d 298. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Id.*; *Berg v. Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903.

[¶9] Keith Candee argues the district court erred in concluding the settlement agreement's attorney fee provision was void under N.D.C.C. § 28-26-04, and the provision allows him to recover his attorney fees and costs for *defending* his parents' unmeritorious lawsuit against him. He argues, unlike the situation in this case, N.D.C.C. § 28-26-04 applies when a *creditor* successfully brings an action against a *debtor* concerning a note, bond, mortgage, or security agreement and the *creditor* attempts to force the *debtor* to pay attorney fees based on an attorney fee provision in the parties' debt instrument.

[¶10] Douglas and Lyla Candee argue the settlement agreement qualifies as "evidence of debt" under N.D.C.C. § 28-26-04, because the settlement agreement "is replete with multiple provisions providing 'evidence of debt,'" specifically Keith Candee's promises to pay them certain sums in installments. Keith Candee responds the statute does not apply to this case because this Court rejected a broad reading of N.D.C.C. § 28-26-04 in *Vakoch*, 2001 ND 112, 628 N.W.2d 298.

[¶11] In *Vakoch*, 2001 ND 112, ¶¶ 7-16, 628 N.W.2d 298, this Court held the district court abused its discretion when it refused to enforce an attorney fee provision in a commercial lease. This Court held a commercial lease is different than a mortgage, security agreement, bond, note or loan agreement, and declined "to expansively interpret public policy to void attorney fee agreements in commercial leases." *Id.* at ¶ 13. This Court explained the lease agreement contained the terms, conditions, and obligations of the lessor and lessee and was not "transformed into 'evidence of debt' simply because one of its terms requires a party to pay attorney fees if that party fails to honor the lease conditions." *Id.* at ¶¶ 15-16. This Court instructively concluded:

> "We hold that 'evidence of debt,' as contemplated by N.D.C.C. § 28-26-04, relates to a written instrument importing on its face the

3

existence of debt, an acknowledgment of that debt, and a promise of payment. The general term, 'evidence of debt,' 'despite its seeming breadth,' includes *only instruments similar to those specifically listed* in N.D.C.C. § 28-26-04: a note, bond, mortgage, or security agreement. *See Black's Law Dictionary* 535 (7th ed. 1999) (discussing the principle of *ejusdem generis*, and stating 'seeming breadth' is not given effect). Evidence of debt is not a 'catchall rubric embracing any and all writings' including those such as the commercial lease agreement in this case. [*United States v. Jones*, 450 F.2d 523, 524 (5th Cir. 1971)]."

*Vakoch*, at ¶ 16 (emphasis added).

[¶12] In *Orion Fin. Corp. of S.D. v. Am. Foods Grp.*, *Inc.*, 281 F.3d 733, 745 (8th Cir. 2002), the parties' consulting agreement obligated one party to pay fees for grants and loans procured by the other, and included an attorney fee provision. The court held the agreement was not "evidence of debt" under a similar South Dakota statute. The court held the agreement did not "constitute evidence of a debt owed by one party to the other, but instead create[d] mutual obligations to provide services and payment therefor." *Id.*

[¶13] The court in *Orion* explained "[t]he phrase 'evidence of debt' as used in the statute refers to debtor-creditor relationships, such as those in bonds, mortgages, and promissory notes, *not to every contract where one party is obligated to pay money to the other*." 281 F.3d at 745 (emphasis added). "Moreover, the phrase 'evidence of debt' when used elsewhere in the South Dakota Codified Laws is connected with banking or other debtor-creditor relationships." *Id.* Likewise, as this Court explained in *Vakoch*, 2001 ND 112, ¶ 16, 628 N.W.2d 298, the phrase "'evidence of debt,' 'despite its seeming breadth,' includes only instruments similar to those specifically listed in N.D.C.C. § 28-26-04."

[¶14] Here, the parties' settlement agreement and mutual release of claims is not similar to the instruments listed in N.D.C.C. § 28-26-04. While the settlement agreement contains multiple provisions that obligated Keith Candee to pay installments to Douglas and Lyla Candee to resolve their litigation claims, the agreement includes many provisions settling the claims. This does not reflect an instrument involved in a typical debtor-creditor relationship. Instead, the parties

4

freely negotiated the settlement agreement, and the agreement contains mutual obligations and mutual releases of claims. Therefore, the parties' settlement agreement is not "evidence of debt" as contemplated under N.D.C.C. § 28-26-04, and the district court misapplied the law by holding the parties' attorney fees provision was against public policy and void.

[¶15] The district court abused its discretion in denying Keith Candee's motion for attorney fees and costs, and refusing to enforce the contractual attorney fee provision. We reverse and remand for an award of attorney fees and costs under the provision.

III

[¶16] The district court order is reversed, and the case remanded for further proceedings.

[¶17]  Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen
       Jerod E. Tufte

**VandeWalle, Chief Justice, dissenting.**

[¶18] In *Candee v. Candee,* 2017 ND 259, 903 N.W.2d 514, I reluctantly concurred in the result because I was concerned about the choice-of-law provision in a loan agreement governing a foreclosure proceeding in North Dakota. However, under the facts of the case, I agreed that California law applied. Consistently and equitably, I believe the California law should apply to this phase of the litigation as well. I do not know whether California law would allow the award of attorney fees in this instance but I would reverse and remand to the district court with the instruction to apply California law in determining whether or not to award attorney fees.

[¶19] Alternatively, if North Dakota law is to be applied in this case, I would affirm the district court.

[¶20] Section 28-26-04, N.D.C.C., provides:

> Any provision contained in any note, bond, mortgage, security agreement, *or other* evidence of debt for the payment of an attorney's

5

fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void.[1]

(Emphasis added). It is apparent that by including "other" evidence of debt, the Legislature did not intend to restrict the award of attorney fees to only those instruments named in the statute.

[¶21] In *Farmers Union Oil Co. of New England v. Maixner,* 376 N.W.2d 43, 49 (N.D. 1985), we held a personal guarantee was evidence of debt, stating:

> "Other evidence of debt" includes the personal guarantee agreement at issue in this case because the guarantee relates to the payment of debt. As the attorneys' fees were awarded because of the personal guarantee, and as the personal guarantee is a document relating to the payment of a debt, the attorneys' fees were awarded in violation of Section 28-26-04, N.D.C.C.

[¶22] In *T.F. James Co. v. Vakoch,* 2001 ND 112, ¶¶ 15, 16, 628 N.W.2d 298 (citations omitted), we held:

> In this case, the lease agreement—unlike a personal guarantee—set forth the terms, conditions, and obligations of the lessor and lessee. A lease agreement is not transformed into "evidence of debt" simply because one of its terms requires a party to pay attorney fees if that party fails to honor the lease conditions. In each of this Court's cases declaring an attorney fee provision to have violated public policy under N.D.C.C. § 28-26-04, there existed a written note, mortgage, or guarantee to pay a debt. If we were to embrace the district court's expansive interpretation of "evidence of debt," virtually anything could demonstrate evidence of debt.
>
> We hold that "evidence of debt," as contemplated by N.D.C.C. § 28-26-04, relates to a written instrument importing on its face the

---

[1]Keith Candee asserts the provisions of N.D.C.C. § 28-26-04 apply only when the creditor brings a successful action against the debtor and attempts to collect attorney fees from the debtor under their agreement. However, the plain language of the statute contains no such limitations. We do not disregard the wording of the statute under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05. Here Douglas and Lyla Candee brought "proceedings . . . to collect such . . . evidence of debt" against Keith Candee. The statute applies to the proceeding and does not depend upon which party is successful in order for it to apply.

6

existence of debt, an acknowledgment of that debt, and a promise of payment.[2]

Here, the agreement states in part:

> *The Guaranteed Settlement Sum.* Defendants, jointly and severally, will pay the sum of Two Million Two Hundred Thousand Dollars ($2,200,000) (the "Guaranteed Settlement Sum") to Plaintiffs in full upon the occurrence of the earlier of the following events: (a) four (4) years after April 23, 2013, which is the date when the Parties executed this Agreement (the "Execution Date"), namely, on or prior to April 23, 2017; or (b) the "Transfer" of the Clinton Keith Property. The Guaranteed Settlement Sum shall be paid as follows:
>
> Defendants shall pay the sum of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500) to Plaintiffs as follows: . . .
>
> Defendants shall pay the sum of Seven Hundred Twenty Thousand Dollars ($720,000) to Plaintiffs as follows: . . .
>
> The payment of any portion of the Down Payment and Monthly Installments described herein, shall be applied to reduce the Guaranteed Settlement Sum in direct proportion to such payments. . . . shall become immediately due . . . .

[¶23] It seems that a settlement agreement in which one party agrees and is obligated to pay the other party a specified sum of money is as much, if not more,"evidence of debt" than is a personal guarantee in which the guarantor promises to pay only if the primary obligor does not pay as required. Furthermore, the settlement agreement here is vastly different than the consulting agreement at issue in *Orion Fin. Corp. of S.D. v. Am. Foods Grp., Inc.*, 281 F.3d 733, 745 (8th Cir. 2002), in which the court held that the consulting agreement "does not constitute evidence of a debt owed by one party to the other, but instead creates mutual obligations to provide services and payments therefor."

---

[2]Unless the term "on its face" is so narrowly construed to mean the title of the instrument, here I believe that "on its face" the settlement agreement is evidence of debt. The term "face" is defined in *Black's Law Dictionary*, 708 (10th ed. 2014), to mean "the apparent or explicit part of a writing or record <the fraud must appear on the face of the record>."

[¶24] Because the Agreement contains "other evidence of debt" the provision for the award of attorney fees is against public policy and void in North Dakota. Therefore, if North Dakota, rather than California law, applies, I would affirm the judgment of the district court.

[¶25] Gerald W. VandeWalle, C.J.