VandeWalle, Chief Justice, dissenting.
[¶18] In Candee v. Candee, 2017 ND 259, 903 N.W.2d 514, I reluctantly concurred in the result because I was concerned about the choice-of-law provision in a loan agreement governing a foreclosure proceeding in North Dakota. However, under the facts of the case, I agreed that California law applied. Consistently and equitably, I believe the California law should apply to this phase of the litigation as well. I do not know whether California law would allow the award of attorney fees in this instance *427 but I would reverse and remand to the district court with the instruction to apply California law in determining whether or not to award attorney fees.
[¶19] Alternatively, if North Dakota law is to be applied in this case, I would affirm the district court.
[¶20] Section 28-26-04, N.D.C.C., provides:
Any provision contained in any note, bond, mortgage, security agreement, or other evidence of debt for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void.[1]
(Emphasis added). It is apparent that by including "other" evidence of debt, the Legislature did not intend to restrict the award of attorney fees to only those instruments named in the statute.
[¶21] In Farmers Union Oil Co. of New England v. Maixner, 376 N.W.2d 43, 49 (N.D. 1985), we held a personal guarantee was evidence of debt, stating:
"Other evidence of debt" includes the personal guarantee agreement at issue in this case because the guarantee relates to the payment of debt. As the attorneys' fees were awarded because of the personal guarantee, and as the personal guarantee is a document relating to the payment of a debt, the attorneys' fees were awarded in violation of Section 28-26-04, N.D.C.C.
[¶22] In T.F. James Co. v. Vakoch, 2001 ND 112, ¶¶ 15, 16, 628 N.W.2d 298 (citations omitted), we held:
In this case, the lease agreement-unlike a personal guarantee-set forth the terms, conditions, and obligations of the lessor and lessee. A lease agreement is not transformed into "evidence of debt" simply because one of its terms requires a party to pay attorney fees if that party fails to honor the lease conditions. In each of this Court's cases declaring an attorney fee provision to have violated public policy under N.D.C.C. § 28-26-04, there existed a written note, mortgage, or guarantee to pay a debt. If we were to embrace the district court's expansive interpretation of "evidence of debt," virtually anything could demonstrate evidence of debt.
We hold that "evidence of debt," as contemplated by N.D.C.C. § 28-26-04, relates to a written instrument importing on its face the existence of debt, an acknowledgment of that debt, and a promise of payment.[2]
Here, the agreement states in part:
The Guaranteed Settlement Sum. Defendants, jointly and severally, will pay the sum of Two Million Two Hundred Thousand Dollars ($2,200,000) (the "Guaranteed Settlement Sum") to Plaintiffs *428 in full upon the occurrence of the earlier of the following events: (a) four (4) years after April 23, 2013, which is the date when the Parties executed this Agreement (the "Execution Date"), namely, on or prior to April 23, 2017; or (b) the "Transfer" of the Clinton Keith Property. The Guaranteed Settlement Sum shall be paid as follows:
Defendants shall pay the sum of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500) to Plaintiffs as follows: ...
Defendants shall pay the sum of Seven Hundred Twenty Thousand Dollars ($720,000) to Plaintiffs as follows: ...
The payment of any portion of the Down Payment and Monthly Installments described herein, shall be applied to reduce the Guaranteed Settlement Sum in direct proportion to such payments.... shall become immediately due....
[¶23] It seems that a settlement agreement in which one party agrees and is obligated to pay the other party a specified sum of money is as much, if not more, "evidence of debt" than is a personal guarantee in which the guarantor promises to pay only if the primary obligor does not pay as required. Furthermore, the settlement agreement here is vastly different than the consulting agreement at issue in Orion Fin. Corp. of S.D. v. Am. Foods Grp., Inc. , 281 F.3d 733, 745 (8th Cir. 2002), in which the court held that the consulting agreement "does not constitute evidence of a debt owed by one party to the other, but instead creates mutual obligations to provide services and payments therefor."
[¶24] Because the Agreement contains "other evidence of debt" the provision for the award of attorney fees is against public policy and void in North Dakota. Therefore, if North Dakota, rather than California law, applies, I would affirm the judgment of the district court.
[¶25] Gerald W. VandeWalle, C.J.

Keith Candee asserts the provisions of N.D.C.C. § 28-26-04 apply only when the creditor brings a successful action against the debtor and attempts to collect attorney fees from the debtor under their agreement. However, the plain language of the statute contains no such limitations. We do not disregard the wording of the statute under the pretext of pursuing its spirit. N.D.C.C. § 1-02-05. Here Douglas and Lyla Candee brought "proceedings ... to collect such ... evidence of debt" against Keith Candee. The statute applies to the proceeding and does not depend upon which party is successful in order for it to apply.

Unless the term "on its face" is so narrowly construed to mean the title of the instrument, here I believe that "on its face" the settlement agreement is evidence of debt. The term "face" is defined in Black's Law Dictionary , 708 (10th ed. 2014), to mean "the apparent or explicit part of a writing or record < the fraud must appear on the face of the record>."